■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN DORCH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 5, 1984, convicting him of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree (two counts), and attempted robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence of six concurrent, indeterminate terms of imprisonment of 2½ to 7½ years.

Judgment modified, on the law, by reducing the sentences imposed on each count of attempted robbery in the second degree (counts seven and eight) to indeterminate terms of imprisonment of 2⅓ to 7 years, to run concurrently with the terms of imprisonment imposed on the other counts. As so modified, judgment affirmed.

The indeterminate terms of imprisonment of 2½ to 7½ years' incarceration imposed on defendant's conviction of counts seven and eight of the indictment, each charging defendant with attempted robbery in the second degree *(see,* Penal Law § 110.05 [5]) a class D violent felony *(see,* Penal Law § 70.02 [1] [c]) were illegal. The maximum term that could be imposed for this offense was 2⅓ to 7 years' incarceration *(see,* Penal Law § 70.00 [2] [d]; [3] [b]). Other court records reflect that indeterminate terms of imprisonment of 2⅓ to 7 years were intended to be imposed by the sentencing court, and, in view of defendant's prior criminal record, the imposition of such terms of imprisonment would not constitute an abuse of discretion. Consequently, the judgment is hereby modified to reflect the intention of the sentencing court. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.