■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MACKENZIE, Appellant. [598 NYS2d 44] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 19, 1982, convicting him of murder in the second degree, manslaughter in the second degree, burglary in the second degree, grand larceny in the second degree, criminal possession of a weapon in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant shot and killed a police officer during the course of a burglary. The evidence of the defendant's guilt is overwhelming. The defendant seeks to avoid criminal liability solely upon the basis of an insanity defense.

The psychiatric expert produced by the defendant at his first trial, and whose testimony was later read into evidence during the course of the defendant's second trial, admitted that the particular mental disorder with which the defendant was supposedly afflicted would not have negated his responsibility for burglary, or for several of the other crimes of which the defendant has been convicted. This concession was fully warranted in light of the remainder of the defendant's psychiatric testimony. The defendant's psychiatrist attributed the defendant's homicidal conduct to a sudden, involuntary "instantaneous reflex action". The fact that the defendant's alleged mental disease caused him to experience such "instantaneous reflex action[s]" could not logically be advanced as an explanation for his commission of possessory crimes, or crimes which, as did the burglary and larceny committed in this case, required thoughtful preparation and execution.

On the appeal arising from the defendant's first trial, this Court held that certain pretrial custodial statements had been improperly admitted into evidence (see, People v MacKenzie, 78 AD2d 892). During the course of the defendant's second trial, these statements were again admitted into evidence. The trial court held that the statements were admissible insofar as they were relied upon by both the defendant's psychiatric expert and the prosecution's psychiatric expert in forming their respective opinions as to the defendant's mental health. Citing People v Ricco (56 NY2d 320), the People now concede that this was error.

In deciding whether, or to what extent, this error requires reversal, we acknowledge that in the prior appeal (People v MacKenzie, supra), we held that a similar error could not be considered harmless. However, we note that the nature of the evidence adduced at the second trial was in many respects different from the evidence produced at the first trial. Most importantly, the evidence at the second trial included the testimony of a female accomplice who had collaborated with the defendant in the preparation and execution of the burglary and whose description of the relevant events significantly undermined the defendant's insanity defense. We also note that the defendant's liability for felony murder (Penal

Law § 125.25 [3]) does not depend on whether he momentarily lost his ability to form a conscious intent at the time he pulled the trigger, once it has been established beyond a reasonable doubt—as it has in this case—that the defendant was criminally responsible for the underlying felony *(see generally, People v Cable,* 63 NY2d 270; *People v Ingram,* 67 NY2d 897; *People v Santiago,* 48 NY2d 1023).

We conclude that the quantity and quality of the evidence is such that there is no reasonable possibility that the jury's verdict was affected by the erroneous admission of the defendant's pretrial statements *(see, e.g., People v Bisnett,* 144 AD2d 567; *People v Collins,* 189 AD2d 564; *People v Holland,* 179 AD2d 822). "The only issue was defendant's sanity and the allegedly inadmissible evidence played no role in the jury's resolution of that issue" *(People v Sugden,* 35 NY2d 453, 462).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Ritter and Pizzuto, JJ., concur.