■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANATOLEIV UTENYSHEV, Appellant. [695 NYS2d 104] —On the Court's own motion, it is ordered that its unpublished decision and order dated April 12, 1999, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered April 22, 1996, convicting him of murder in the second degree (two counts), sexual abuse in the first degree, attempted rape in the first degree, sodomy in the first degree, attempted sexual abuse in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the first degree, after a nonjury trial, and sentencing him to consecutive indeterminate terms of 25 years to life imprisonment for each count of murder in the second degree, and indeterminate terms of 1½ to 4½ years imprisonment for unlawful imprisonment in the first degree and attempted sexual abuse in the first degree, 5 to 15 years imprisonment for attempted rape in the first degree and sodomy in the first degree, 2⅓ to 7 years imprisonment for sexual abuse in the first degree and assault in the second degree, and a determinate term of one year imprisonment for criminal possession of a weapon in the fourth degree, to run concurrently with each other but consecutively to the terms imposed for murder in the second degree.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the convictions of unlawful imprisonment in the first degree and attempted sexual abuse

in the first degree from indeterminate terms of 1½ to 4½ years imprisonment to indeterminate terms of 1⅓ to 4 years imprisonment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review the issue of whether the trial court improperly admitted into evidence a videotape, made in violation of his right to counsel, for the purpose of rebutting the defendant's insanity defense (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, had the issue been preserved, we would have concluded that although it had been improper for the trial court to admit such evidence (*see, People v Ricco,* 56 NY2d 320; *People v MacKenzie,* 193 AD2d 700), this error would not warrant reversal. The quantity and quality of the evidence is such that there is no reasonable possibility that the verdict was affected by the admission of the videotape (*see, People v Rivera,* 57 NY2d 453; *People v Crimmins,* 36 NY2d 230; *People v MacKenzie, supra*).

The sentence imposed for unlawful imprisonment in the first degree and attempted sexual abuse in the first degree was illegal (*see,* Penal Law § 70.00 [2] [e], [3] [b]). It is clear, however, that the Supreme Court intended to impose upon the defendant the maximum sentence for those offenses, and we find that it would be appropriate to do so. Consequently, the judgment is modified to reflect the intention of the Supreme Court (*see, People v Dorch,* 117 AD2d 677; *People v Gammon,* 251 AD2d 512). The sentence is not excessive (*see, People v Suitte,* 90 AD2d 80). S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.