■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant. [721 NYS2d 832] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 26, 1999, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 5 to 10 years imprisonment on the conviction of attempted murder in the second degree, with a consecutive determinate term of 5 years added to the minimum indeterminate term pursuant to Penal Law § 265.09 (2), 10 to 20 years imprisonment on each conviction of criminal use of a firearm in the first degree, 5 to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree, and 2⅓ to 7 years imprisonment on the conviction of reckless endangerment in the first degree, and a determinate term of 7 years imprisonment on the conviction of assault in the second degree.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of assault in the second degree from a determinate term of 7 years imprisonment to an indeterminate term of 3½ to 7 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant has not preserved for appellate review his contention that the court failed to properly charge the jury with regard to the subjective and objective elements of his justification defense (*see, People v Wesley,* 76 NY2d 555).

The sentence imposed on the conviction of assault in the

second degree was illegal (*see,* Penal Law § 70.00 [3] [b]; [2]). "It is clear however, that the Supreme Court intended to impose upon the defendant the maximum sentence for [this] offense, and we find that it would be appropriate to do so" (*People v Utenyshev,* 264 AD2d 402, 403). The judgment is therefore modified to reflect the Supreme Court's intention.

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.