**John MACKENZIE, Petitioner–Appellant,**

v.

**C. ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

No. 00–2714.

United States Court of Appeals, Second Circuit.

April 23, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Perry S. Reich, Schapiro & Reich, Lindenhurst, N.Y. (on submission), for Petitioner–Appellant.

Judith R. Sternberg, Assistant District Attorney, for Denis Dillon, District Attorney, Nassau County, Mineola, N.Y. (Tammy J. Smiley, Assistant District Attorney), for Respondent–Appellee, of counsel.

PRESENT: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

---

* The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner-appellant John MacKenzie was convicted after a jury trial in County Court, Nassau County, New York, of felony murder, manslaughter in the second degree, burglary in the second degree, and lesser offenses. In 1982, he was sentenced to concurrent terms of imprisonment, the longest of which was twenty-five years to life. The Appellate Division affirmed his conviction, *People v. MacKenzie*, 193 A.D.2d 700, 598 N.Y.S.2d 44 (N.Y.App.Div. 1993), and he was denied leave to appeal to the Court of Appeals, *People v. MacKenzie*, 82 N.Y.2d 722, 602 N.Y.S.2d 819, 622 N.E.2d 320 (1993). Having unsuccessfully applied for a writ of error *coram nobis*, *see People v. MacKenzie*, 244 A.D.2d 432, 665 N.Y.S.2d 552 (N.Y.App. Div.1997), MacKenzie filed a petition for a writ of habeas corpus in the Eastern District of New York, which was denied in 2000. A certificate of appealability was granted on the issue of whether the introduction into evidence of inadmissible statements, through expert witnesses testifying as to petitioner's sanity, violated his constitutional rights. We affirm the district court's judgment denying MacKenzie's petition.

In addition to finding the erroneous introduction of the inadmissible statements harmless on account of other available evidence, the Appellate Division noted that "the defendant's liability for felony murder [under Penal Law § 125.25] does not depend on whether he momentarily lost his ability to form a conscious intent at the time he pulled the trigger, once it has been established beyond a reasonable doubt–as it has in this case–that the defendant was criminally responsible for the underlying felony." *People v. MacKenzie*, 193 A.D.2d 700, 701–02, 598 N.Y.S.2d 44 (N.Y.App.Div. 1993).

We are bound by the Appellate Division's reading of New York's felony murder statute. *See Davis v. Strack*, 270 F.3d 111, 123 n. 4 ("In determining whether a petitioner was entitled to a defense under state law, federal courts must of course defer to state-court interpretations of the state's laws, so long as those interpretations are themselves constitutional.") Under this interpretation of New York law, MacKenzie's criminal responsibility for the underlying felonies effectively establishes his responsibility for the crime of felony murder, so long as the death foreseeably resulted from the felonies. Petitioner contends that because the trial judge instructed the jury to consider the defendant's insanity defense to the felony murder charge, the introduction of the inadmissible statements might nevertheless have prejudiced the verdict. The defendant, however, does not have a constitutional right to the trial judge's erroneous application of state law in his favor. *See Bunkley v. Meachum*, 68 F.3d 1518, 1522 (2d Cir. 1995). Any error in the receipt of evidence tending to rebut petitioner's contention of insanity was therefore harmless.

We have considered all of the petitioner's arguments and found them to be without merit. Accordingly, we AFFIRM the district court's denial of MacKenzie's petition for a writ of habeas corpus.