OPINION OF THE COURT
David Stadtmauer, J.
The defendant is before the court for sentencing, having been convicted of intentional murder in the second degree *2 (Penal Law, § 125.25, subd 1), felony murder in the second degree (Penal Law, § 125.25, subd 3), sexual abuse in the first degree (Penal Law, § 130.65, subd 2) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd 2).
The facts were essentially undisputed. The defendant, an employee at Montefiore Hospital parking garage, caused the death of Barbara Meliota, a nurse, by striking her on the head with a fire hose nozzle and dropping her down a five-story shaft. Prior to pushing the victim into the air shaft, defendant subjected her to acts of sexual abuse.
The court imposes sentence upon the defendant as hereinafter indicated: With respect to each of the murder counts, an indeterminate term of imprisonment, having a minimum period of 25 years and a maximum of life; with respect to the count of sexual abuse, an indeterminate term of imprisonment, having a minimum period of three and one-half years and a maximum of seven years; with respect to the weapon count, a definite period of imprisonment of one year.
The question before the court is whether the period of three and one-half to seven years with respect to the sexual abuse can be ordered to be served consecutively to the sentences of 25 years to life.
Subdivision 2 of section 70.25 of the Penal Law provides as follows: “When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.” Thus where the sentences are for different acts and an act constituting one of the offenses is not a material element of the other, the court has discretion to impose consecutive sentences (see Commission Staff Notes, Cons Law Serv, Book 23, Penal Law, § 70.25, pp 238-239; People v Brown, 66 AD2d 223; cf. People v Bolden, 83 AD2d 921; also see People ex rel. Gallo v Warden of Greenhaven State Prison, 32 AD2d 1051).
Applying these rules to the case at bar, it is evident that the court may not order that the sentence for sexual abuse be served consecutively to the sentence for the felony *3 murder since the felony which formed the basis of this murder charge was the sexual abuse itself. Therefore, the acts constituting the sexual abuse were a material element of the felony murder and a consecutive sentence would violate subdivision 2 of section 70.25 of the Penal Law.
There is no reason, however, why a consecutive term of imprisonment cannot be imposed for the sexual abuse if ordered to be served consecutively to the sentence for intentional murder, if the murderous act was separate and distinct from the acts constituting the sexual abuse. The medical examiner testified at trial that the victim was alive up to the time that she was dropped down the shaft and that the cause of death was a dislocated spine resulting from the fall. It would thus appear that all of the acts constituting the intentional murder occurred subsequent to the acts constituting the sexual abuse and that the commission of the one was not a material element of the other.
Accordingly, the court directs that the sentence of three and one-half to seven years for the sexual abuse conviction be served consecutive to the sentence of 25 years to life imprisonment imposed with respect to the conviction for intentional murder (count one of the indictment). All other sentences to be served concurrently with the foregoing sentence.