■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICHARD SMALLS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered October 23, 1981, convicting him of rape in the first degree, robbery in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence of two terms of imprisonment of 8⅓ to 25 years, to run consecutively with each other, and terms of imprisonment of 5 to 15 years, 2⅓ to 7 years, and 1 year, to run concurrently with the other terms of imprisonment imposed.

Judgment modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment are to run concurrently. As so modified, judgment affirmed.

On this appeal, defendant essentially contends that (1) the victim's lineup and in-court identifications of him should have been suppressed because of unduly suggestive photographic identification procedures employed by the police, and (2) the court should have imposed concurrent, not consecutive, sentences for robbery in the first degree and rape in the first degree. We find merit in only one of these contentions.

As to the first contention, although the pretrial photographic identification procedures were unduly suggestive, as defendant argues, the record reveals that there was an independent basis for the victim's subsequent pretrial lineup and in-court identifications of him. The crime took place in a well-lighted hallway, and the victim observed the defendant for approximately 20 minutes. Shortly after the incident, the victim gave the police a detailed and accurate description of the defendant. She also immediately identified the defendant during the lineup procedure at which defense counsel was present. Thus, the lineup and in-court identifications were properly admitted (see, Manson v Brathwaite, 432 US 98, 114; Neil v Biggers, 409 US 188, 199-200). Furthermore, we would note, any reference at trial to the photographic identification procedures was elicited by defense counsel on cross-examination of the prosecution's witnesses. Consequently, defendant waived any possible objection to the admission of testimony on this subject (see, People v Lyde, 104 AD2d 957).

As to defendant's contention with respect to sentencing, assuming, arguendo, that the imposition of consecutive sentences at bar was legally permissible, as our dissenting colleague states (see, People v Tanner, 30 NY2d 102; People v Dorsey, 79 AD2d 611), we agree with defendant that the

imposition of these consecutive sentences resulted in an unduly lengthy period of incarceration. Although we sympathize with the victim and in no way condone the heinous crimes involved, we believe that the four principal objectives of punishment—deterrence, rehabilitation, retribution and isolation—will be adequately served by imposing concurrent sentences of 8⅓ to 25 years. Accordingly, we substitute our own discretion for that of the trial court and modify the judgment in the interest of justice by providing for such concurrent terms of imprisonment *(see,* CPL 470.15 [3]; *People v Suitte,* 90 AD2d 80). Lazer, J. P., Brown and O'Connor, JJ., concur.

Weinstein, J., concurs in part and dissents in part, and votes to affirm the judgment in its entirety, with the following memorandum: Where a defendant is sentenced for the commission of different offenses and an act constituting one of the offenses is not a material element of the other, courts in their discretion may impose consecutive sentences *(People v Doyle,* 119 Misc 2d 1). Under the circumstances of this case, it is clear that the sentencing court did not err in imposing consecutive sentences upon defendant on the basis of the separate acts which constituted the crimes of robbery and rape (Penal Law § 70.25 [2]; *People v Underwood,* 52 NY2d 882; *People v Dorsey,* 79 AD2d 611).

Defendant's conviction of the crime of robbery in the first degree was predicated upon proof that on May 16, 1980, he accosted the complainant, forced her out of an elevator and stole money and jewelry from her person and purse while continuously using or threatening to use physical force upon her and displaying what appeared to be a revolver. At that point, it appeared, by the complainant's own testimony, that defendant intended only to mug her. However, he thereafter engaged in sexual intercourse with her by forcible compulsion. It is evident that defendant's acts of robbery and rape were distinct crimes and that one was not a material element of the other. As per the terminology of the Court of Appeals, defendant's crimes were "successive separate acts" with the rape of the victim appearing to have been an "unnecessary afterthought" *(People v Tanner,* 30 NY2d 102, 108).

In view of the heinous nature of the subject crimes, defendant's extensive criminal history, and the fact that a number of his juvenile and adult arrests also involved sexual abuse, I conclude that the imposition of consecutive sentences was entirely justified. As aptly set forth by Mr. Justice Lazer in *People v Suitte* (90 AD2d 80, 83): "It is scarcely worth repeti-

tion to observe that a sentencing determination is a matter committed to the exercise of the sentencing court's discretion, for it is that court's primary responsibility *(People v Farrar,* 52 NY2d 302, 305; *People v Notey,* 72 AD2d 279, 282). Sentencing involves consideration of the crimes charged, the particular circumstances of the offender, and the purposes of a penal sanction *(People v Farrar, supra; People v McConnell,* 49 NY2d 340, 346). 'It is the sensitive balancing of these * * * criteria in the individual case that makes the process of sentencing the most difficult and delicate decision that a Judge is called upon to perform' *(People v Notey, supra,* p 283)".

Inasmuch as there has been no abuse of discretion in the balancing process involved herein, I see no reason to intrude upon the domain of the sentencing court. Accordingly, an affirmance of the judgment and sentence appealed from is warranted.