■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO SANTOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered February 22, 1981, convicting him of murder in the second degree (two counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of assault in the first degree to one of assault in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

This case involves the holdup of a Brooklyn social club during which one person was killed and another was injured by a gunshot wound to the leg.

We find that the court properly refused to render a missing witness charge with respect to the 15 people who were allegedly present in the social club where the crimes occurred *(see, People v Gonzalez,* 68 NY2d 424). The defendant did not establish that any of these alleged witnesses were knowledgeable about a material issue in the case or that they were subject to the control of the prosecution *(see, People v Dianda,*

70 NY2d 894; *People v Gonzalez, supra; People v Bostick,* 150 AD2d 707).

The defendant was not denied the effective assistance of trial counsel *(see, People v Eason,* 160 AD2d 1018; *People v Bossett,* 157 AD2d 734; *People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796). The trial counsel made various motions both prior to and during the course of the trial. In addition, he attempted to discredit the prosecution witnesses through vigorous cross-examination. Upon a review of the record we find that there are no indicia of ineffectiveness *(see, People v Shuler,* 149 AD2d 634; *People v Morris,* 100 AD2d 630).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (two counts) and criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to those crimes was not against the weight of the evidence (CPL 470.15; *see also, People v Draksin,* 145 AD2d 500; *People v Harris,* 133 AD2d 649).

However, we find that the evidence was legally insufficient to support the defendant's judgment of conviction for assault in the first degree with respect to the injured victim (Penal Law § 120.10 [4]). The People failed to establish that the victim's gunshot wound caused a protracted impairment of his health, a protracted disfigurement, or a protracted loss or impairment of the function of a bodily organ (Penal Law § 10.00 [10]; § 120.10 [4]). Since there is no dispute that the victim suffered a physical injury (Penal Law § 10.00 [9]), we reduce the conviction to one of assault in the second degree (Penal Law § 120.05 [6]; *see also, People v Matos,* 107 AD2d 823).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Smalls,* 115 AD2d 783; *People v Suitte,* 90 AD2d 80). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.