■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BODFORD, Appellant. [638 NYS2d 259] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: We reject the contention of defendant that his conviction of manslaughter in the second degree is based on legally insufficient evidence and is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We likewise reject defendant's contention that County Court erred in refusing to charge criminally negligent homicide as a lesser included offense of manslaughter in the second degree. Under no reasonable view of the evidence could the jury have found that defendant negligently failed to perceive the risks associated with firing his gun, thus committing the lesser offense, but not the greater *(see, People v Thomches,* 172 AD2d 786, 787). We also conclude that the court properly refused defendant's request to charge the defense of justification. There is no evidence from which the jury could conclude that defendant reasonably believed that the victim was about to use deadly physical force *(see, People v Watts,* 57 NY2d 299, 301-302).

We agree with the contention in the *pro se* supplemental brief that the conviction of assault in the second degree (Penal Law § 120.05 [4]) is not based on legally sufficient evidence. The record shows that defendant shot one of the victims in the foot, causing him to endure substantial pain, and thus, the victim suffered a physical injury *(see,* Penal Law § 10.00 [9]). The People failed, however, to establish that the gunshot wound created a substantial risk of death or that it caused serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ *(see,* Penal Law § 10.00 [10]; § 120.05 [4]). Consequently, as a matter of discretion in the interest of

justice, we modify the judgment by reducing the conviction of assault in the second degree to assault in the third degree (Penal Law § 120.00 [2]), a class A misdemeanor, vacating the sentence imposed thereon and sentencing defendant to a term of incarceration of one year for assault in the third degree *(see,* Penal Law § 70.15 [1]; *People v Santos,* 161 AD2d 816, 817, *lv denied* 76 NY2d 864; *People v Snipes,* 112 AD2d 810, 812).

We have reviewed the remaining contentions raised by defense counsel and defendant in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.