■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP WHALEY, Appellant. [681 NYS2d 716] —Judgment unanimously affirmed. Memorandum: County Court erred in denying that part of the motion of defendant seeking suppression of his statement obtained by the police on September 23, 1992, when defendant was in custody on unrelated charges. The police interrogation of defendant in the absence of counsel was improper because defendant was represented by counsel both on the matter under investigation (*see, People v West*, 81 NY2d 370, 374; *People v Garofolo*, 46 NY2d 592, 599) and on the unrelated charges on which he was taken into custody (*see, People v Burdo*, 91 NY2d 146, 149; *People v Rogers*, 48 NY2d 167, 169). Thus, the statement was obtained in violation of defendant's right to counsel and should have been suppressed. The only reference to that statement at trial, however, was elicited by defense counsel on cross-examination of a prosecution witness. Consequently, defendant forfeited any objection to the only evidence relating to his statement that was received at trial (*see, People v Smalls*, 115 AD2d 783, 784, *lv denied* 67 NY2d 890, 1057).

We reject the contention of defendant that the court erred in denying his motion to sever the counts of the indictment relating to each murder (*see, People v Corrigan*, 139 AD2d 918, 919, *lv denied* 72 NY2d 917). We further reject defendant's challenges to the evidence supporting the conviction of murder in the second degree under the first count of the indictment. The evidence, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction, and the jury's verdict on that count is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, we reject the contention that prosecutorial misconduct deprived defendant of a fair trial (*see, People v Galloway*, 54 NY2d 396). (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.