■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL DORSEY, Appellant. [705 NYS2d 763] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for resentencing upon counts one and two of the indictment in accordance with the following Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). We conclude that County Court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Walker*, 83 NY2d 455, 461-464; *People v Sandoval*, 34 NY2d 371, 378).

We reject defendant's contention that the jury instructions were erroneous and usurped the role of the jury. The charge as a whole informed jurors that it was their function to determine whether defendant possessed and sold cocaine (*see, People v Bennett*, 144 AD2d 564, 565, *lv denied* 73 NY2d 889; *see generally, People v Ladd*, 89 NY2d 893, 895-896).

The court erred, however, in sentencing defendant as a second felony offender under counts one and two of the indictment based upon a North Carolina conviction of accessory after the fact in violation of North Carolina General Statutes § 14-7. Upon examining that crime as it is defined by the North Carolina statute, we conclude that it is the equivalent of hindering prosecution in the third degree (Penal Law § 205.55), a misdemeanor offense. The People contend that the "transcript of plea" indicates that defendant was convicted of accessory after the fact to murder. However, "[i]t is the statute upon which the indictment is drawn that necessarily defines and measures the crime" (*People v Olah*, 300 NY 96, 98; *see, People v Muniz*, 74 NY2d 464, 467-470; *People v Gonzalez*, 61 NY2d 586, 589). Like Penal Law § 205.55, the North Carolina statute is violated when a defendant is an accessory after the fact to any felony. We reject the People's contention that the exception recognized by *People ex rel. Gold v Jackson* (5 NY2d 243, 245-246) is applicable (*see, People v Muniz, supra,* at 468-469). In view of our determination, we do not address defendant's contention that the sentence is unduly harsh or severe. We therefore modify the judgment by vacating the sentences imposed under counts one and two of the indictment, and we remit the matter to Monroe County Court for resentencing upon those counts. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.