■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PHILLIP, Appellant. [718 NYS2d 727] —Mercure, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered May 27, 1999, convicting defendant following a nonjury trial of the crimes of assault on a peace officer, assault in the second degree and promoting prison contraband in the first degree.

Defendant's convictions arise out of May 22, 1997 occurrences at Clinton Correctional Facility in Clinton County in which defendant struck Correction Officer Kevin Trombley in the face, causing him to sustain a fractured jaw, and a subsequent search of defendant's cell revealed a razor blade. Following a nonjury trial, County Court found defendant guilty of assault on a peace officer and assault in the second degree in connection with the assault on Trombley, and promoting prison contraband in the first degree based upon the presence of the razor blade in defendant's cell. County Court sentenced defendant to concurrent prison terms of 10 years on the convictions of assault on a peace officer and assault in the second degree and 1 to 3 years on the conviction of promoting prison contraband in the first degree, all to be served consecutively to the sentence that defendant was already serving. Defendant now appeals, primarily contending that County Court's verdict is not supported by legally sufficient evidence or is against the weight of the evidence.

As a preliminary matter, we note that defendant's legal sufficiency and weight of the evidence challenges are both unpreserved and insufficiently articulated to raise a discernible issue for our consideration. Based upon our review of the record, we are nonetheless persuaded to exercise our authority to consider as a matter of discretion in the interest of justice (CPL 470.15 [3] [c]; [6] [a]) whether the trial evidence was legally sufficient to support County Court's implicit finding that defendant

caused Trombley serious physical injury, an essential element of the crime of assault on a peace officer (Penal Law § 120.08). Viewing the evidence in a light most favorable to the People (*see, People v Allah*, 71 NY2d 830, 831), we are unable to discern any "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [County Court] on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495). We are therefore constrained to vacate the conviction of the crime of assault on a peace officer and dismiss the first count of the indictment.

The evidence adduced at trial supports a finding that the blow delivered by defendant caused Trombley to sustain a non-displaced fracture of his left mandible. Trombley testified that the injury caused him to miss six or eight weeks of work and, during the two-month period following the injury, he "couldn't eat any type of solid food * * * basically couldn't talk * * * lived with very little medication and was living with the pain." He slept in a recliner for "a couple weeks" because he had made an agreement that if his oral surgeon did not wire his jaw he would be very careful with it. During the period when Trombley was unable to eat solid food, he lost approximately 15 to 17 pounds. At the time of trial, nearly two years following the injury, he still avoided eating on the left side of his mouth because at "[c]ertain times if [he] bite[s] certain foods, it does hurt, so [he] just stay[s] away from it." Finally, Trombley indicated that he had no idea how long he would be unable to eat on the left side of his mouth and that he took very little medication during the time he was out from work.

Although by no means intending to minimize the trauma, pain and inconvenience that Trombley undoubtedly suffered, we conclude that the evidence falls short of satisfying the statutory definition of "serious physical injury," i.e., "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Obviously, the injury sustained by Trombley did not cause death, a substantial risk of death or disfigurement. Further, although Trombley may well have suffered substantial pain and inconvenience during the two-month period following the injury, we see no competent evidence of long-term impairment of his health or the functioning of any of his bodily organs (*compare, People v Wright*, 221 AD2d 577, *lv denied* 87 NY2d 978 [gunshot wound to victim's shoulder resulted in nerve damage to his right arm, causing loss of sensitivity in his right hand]; *People v Hilden-*

*brandt*, 125 AD2d 819, *lv denied* 69 NY2d 881 [victim struck over the head with a tire iron, creating substantial risk of death and causing hearing impairment]; *People v Gray*, 47 AD2d 674 [stab wounds to victim's arm and back produced an inability to spontaneously open his left hand]).

We also note that the 10-year determinate sentence imposed on defendant's conviction of assault in the second degree, a class D felony, under the second count of the indictment is illegal. The law does not permit a prison term exceeding seven years on a conviction of a class D felony, even a second violent class D felony offense (*see*, Penal Law § 70.04 [3] [c]).

Defendant's remaining contentions are either not preserved for our consideration or have been considered and found to be lacking in merit.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of the crime of assault on a peace officer under count one of the indictment and imposed a prison sentence of 10 years upon his conviction of the crime of assault in the second degree under count two of the indictment; count one of the indictment is dismissed and matter remitted to the County Court of Clinton County for resentencing on count two of the indictment; and, as so modified, affirmed.