▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HORTON, Appellant. [780 NYS2d 654]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 11, 2002, upon a verdict convicting defendant of the crimes of assault in the

first degree (two counts) and criminal use of a firearm in the first degree.

Defendant was charged in a seven-count indictment with the crimes of attempted robbery in the second degree (two counts), attempted murder in the second degree, assault in the first degree (two counts), assault in the second degree and criminal use of a firearm in the first degree, stemming from incidents occurring on April 22 and 23, 2001. Kode Sealey testified that, during the first encounter, defendant, wearing a grey bandana with eye slits over his face, held a gun to his head and demanded money. During that incident, Sealey recognized defendant by his build, his hair and his voice. Following a brief struggle, defendant left. At the second encounter with defendant, Sealey was shot in the stomach and his companion, Muneer Simms, was shot in the neck. Both victims were acquainted with defendant who made no attempt on this occasion to hide his face. They identified him in court as the shooter. Following a jury trial, defendant was convicted of two counts of assault in the first degree (counts four and five) and criminal use of a firearm in the first degree (count seven) and acquitted of all other crimes. Because defendant was found guilty of assault in the first degree under count five, the jury did not consider the lesser included offense of assault in the second degree under the sixth count, in accordance with County Court's instructions. Defendant was subsequently sentenced to consecutive prison terms of 25 years, with a five-year period of postrelease supervision, on each of his convictions for assault in the first degree, and a prison term of 25 years for his conviction of criminal use of a firearm in the first degree, to run concurrently with the other sentences.

Defendant first contends that his conviction for assault in the first degree for the Simms shooting (count five) was not supported by legally sufficient evidence. Specifically, he argues that the People failed to prove the requisite element of serious physical injury (see Penal Law § 120.10 [1]). We agree. "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

Medical evidence at trial established that Simms's gunshot wound, described as a small hole, was not life threatening and he arrived at the emergency room fully conscious and responsive. Diagnostic testing revealed no injuries to his esophagus, trachea, the major blood vessels or the nerves in his neck. Citing

concerns about operating near the spinal cord, the general surgeon who treated Simms determined not to remove the bullet fragments. No medical evidence was offered concerning the health effects of leaving the fragments in place. Therefore, there was no evidence that the gunshot wound caused a protracted impairment of his health, nor was there evidence of protracted disfigurement or a protracted loss or impairment of the function of any bodily organ (*see* Penal Law § 10.00 [10]; *People v Santos,* 161 AD2d 816 [1990], *lv denied* 76 NY2d 864 [1990]). Simms was discharged from the hospital after two days and prescribed pain medication for a chipped tooth and cut lip sustained when he fell to the ground. He was told to follow-up with the trauma clinic, if needed, as well as the dentistry clinic.

"Viewing the evidence in the light most favorable to the People" (*People v Allah,* 71 NY2d 830, 831 [1988]), we are unable to make out any "valid line of reasoning . . . which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley,* 69 NY2d 490, 495 [1987]; *see People v Phillip,* 279 AD2d 802, 803 [2001], *lv denied* 96 NY2d 905 [2001]) that Simms sustained a serious physical injury (*see* Penal Law § 10.00 [10]). Accordingly, we reverse defendant's conviction for assault in the first degree under count five of the indictment and vacate the sentence entered thereon. However, since there is no dispute that the victim sustained a "physical injury," having endured substantial pain (Penal Law § 10.00 [9]), we reduce that conviction to the lesser included offense of assault in the second degree (*see* Penal Law § 120.05 [2]), as charged in the sixth count, and remit the matter to County Court for resentencing (*see People v Snyder,* 294 AD2d 381 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Mack,* 268 AD2d 599 [2000]; *People v Santos, supra*).

Upon the exercise of our factual review power, we are satisfied that the verdicts finding defendant guilty of assault in the first degree (count four) and criminal use of a firearm in the first degree (count seven) were not against the weight of the evidence (*see* CPL 470.15 [5]).

Finally, in light of our determination to remit this matter for resentencing, we need not address defendant's arguments concerning the severity of his aggregate sentence (*cf. People v Dorsey,* 270 AD2d 824 [2000], *lv denied* 95 NY2d 834 [2000]).

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction for assault in the first degree under count five of the indictment to assault in the second degree under count six of the indictment; vacate the sentence

imposed on said conviction and matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed.