■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. SLEASMAN, Appellant. [805 NYS2d 736]—

Rose, J. Appeal from a judgment of the Supreme Court

(Lamont, J.), rendered December 17, 2004 in Albany County, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant and the victim, who was then his girlfriend and is now his wife, had a history of alcohol abuse and physical altercations. Following a day of heavy drinking by both of them, they began fighting. They claimed to be unable to recall most of the details of their fight because of their level of intoxication, but approximately 12 hours later defendant and the victim awoke to discover the victim covered with dried blood. She had sustained, among other injuries, a knife wound to her neck. Defendant summoned an ambulance and the victim was transported to a hospital where her wound was closed with butterfly sutures, she was kept overnight for observation and released the following day. Defendant was subsequently indicted on two counts of assault in the first degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree and assault in the third degree. Following a jury trial, he was convicted of first degree depraved indifference assault under Penal Law § 120.10 (3) and acquitted of the other counts. Supreme Court denied defendant's CPL 330.30 motion, sentenced him to a prison term of seven years, and then stayed the sentence pending this appeal.

. Defendant argues that the weight of the evidence does not support the serious physical injury element of assault in the first degree (*see* Penal Law § 120.10 [3]), and the failure to establish a serious physical injury requires that the conviction be reduced to assault in the third degree (*see* Penal Law § 120.00 [2]). We agree. The well-settled standard for weight of the evidence review in a case where, as here, a different result would not have been unreasonable, includes weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]). The definition of a serious physical injury includes "physical injury which creates a substantial risk of death, or . . . serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see People v Phillip*, 279 AD2d 802, 803 [2001], *lv denied* 96 NY2d 905 [2001]).

Here, the victim was conscious and communicating when medical assistance arrived. While her injury was characterized as having the potential to be life threatening, tests conducted at the hospital determined the wound to be a cut in the platysma

muscle and disclosed no damage to her trachea, esophagus or the major vessels in her neck. She was given two units of blood, which stabilized her heart rate and blood pressure. Although testing revealed that her CPK enzyme level was elevated and a cause for concern, cross-examination revealed that the risk of death was not substantial. After reviewing and weighing all of the evidence in the record, we cannot say that it supports a finding of a substantial risk of death (see e.g. People v Horton, 9 AD3d 503, 504-505 [2004], lv denied 3 NY3d 707 [2004]; People v Robles, 173 AD2d 337, 338 [1991], lv denied 78 NY2d 1014 [1991]; People v Rucker, 94 AD2d 948, 948 [1983], lv denied 60 NY2d 593 [1983]). Defendant concedes, however, that the evidence supports a finding that the victim suffered a "physical injury" and he acted "recklessly." We thus reduce the conviction to the lesser included offense of third degree reckless assault (see Penal Law § 120.00 [2]).

In view of this, defendant's alternative argument regarding the failure to show a grave risk of death is academic. Finally, although we agree that there were instances of prosecutorial misconduct, we note that Supreme Court promptly addressed and corrected each one of them and, as a result, defendant was not deprived of a fair trial (see People v McCombs, 18 AD3d 888, 890 [2005]; People v Robinson, 16 AD3d 768, 770 [2005], lv denied 4 NY3d 856 [2005]).

Crew III, J.P., Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for assault in the first degree under count two of the indictment to assault in the third degree; vacate the sentence imposed on said conviction and matter remitted to the Supreme Court for resentencing and for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.