(October 26, 2006)

The People of the State of New York, Respondent, v Tyshawn C. Pittman, Appellant. [823 NYS2d 256]—

Crew III, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered September 16, 2004, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree (three counts),

gang assault in the second degree, robbery in the first degree (two counts) and robbery in the second degree (two counts).

On November 6, 2003, in the City of Cortland, Cortland County, Jahvan Henriques was assaulted and robbed by members of a gang that included defendant. As a consequence, defendant was indicted and charged with three counts of assault in the first degree, one count of gang assault in the first degree, three counts of assault in the second degree, one count of gang assault in the second degree, two counts of robbery in the first degree and two counts of robbery in the second degree. Following a jury trial, defendant was convicted of one count of assault in the first degree, three counts of assault in the second degree, one count of gang assault in the second degree, two counts of robbery in the first degree and two counts of robbery in the second degree and was sentenced to, inter alia, a term of 10 years of imprisonment with five years of postrelease supervision. Defendant now appeals.

Initially, defendant contends that the evidence at trial regarding counts three, four, eight and nine of the indictment was legally insufficient to sustain a finding that the victim suffered a serious physical injury. We agree. As a starting point, we observe that County Court incorrectly charged the jury regarding the meaning of "serious physical injury" and, while no objection was taken to the charge in that regard, we will address it in the interest of justice. County Court charged the jury that "[s]erious physical injury means impairment of a person's physical condition, which creates a substantial risk of death or serious and protracted disfigurement or protracted impairment of health." Statutorily, serious physical injury means an injury "which creates a substantial risk of death, or which causes . . . serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Accordingly, pursuant to County Court's charge, a jury could find serious physical injury if the evidence demonstrated a substantial risk of protracted disfigurement or protracted impairment of health as opposed to the actual creation of such a condition. Indeed, the People's medical expert was asked on more than one occasion whether the injuries inflicted could have created the risk of serious and protracted disfigurement, to which he answered in the affirmative. However, the record makes plain that the victim's injuries did not result in serious and protracted disfigurement, impairment of health or impairment of the function of any bodily organ. Thus, the verdict here may be said to be legally sufficient as to County Court's incorrect definition of

serious physical injury, but legally insufficient to support a finding of serious physical injury as defined by statute. Accordingly, counts 3, 4, 8 and 9 must be reversed and dismissed.

Next, defendant contends that County Court erroneously submitted inclusory concurrent counts to the jury without submitting such counts in the alternative. Again, we agree. Count 1 of the indictment charges assault in the first degree and count 5 of the indictment charges assault in the second degree, the only distinguishing factor between the two charges being the degree of injury inflicted. Likewise, count 3 of the indictment charges assault in the first degree and count 6 of the indictment charges assault in the second degree, the distinguishing factor again being the degree of injury. The same is true of counts 7 and 8 and counts 9 and 12.

There can be no doubt that it is impossible to cause serious physical injury without concomitantly causing physical injury and, therefore, counts 5, 6, 8 and 12 are inclusory concurrent counts of counts 1, 3, 7 and 9 (*see People v Beatty*, 134 AD2d 602, 603 [1987], *lv denied* 71 NY2d 892 [1988]). However, in each case defendant either has been acquitted of the greater charges or we have reversed the conviction on the greater charge and ordered it dismissed. Thus, defendant has not been prejudiced by County Court's failure to submit the lesser offenses in the alternative. Indeed, had defendant not been charged with lesser included counts alternatively, we could reduce the convictions to the lesser included offenses where, as here, the evidence amply supports a finding of "physical injury" (*see e.g. People v Horton*, 9 AD3d 503, 505 [2004], *lv denied* 3 NY3d 707 [2004]). Inasmuch as a jury already has made such a determination and its verdict is legally sufficient and is fully supported by the weight of the evidence, there is no reason to remit those charges for retrial. We have considered defendant's remaining arguments and find them *without merit*.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing defendant's convictions of the crimes of assault in the first degree, assault in the second degree, gang assault in the second degree and robbery in the first degree under counts three, four, eight and nine of the indictment; said counts dismissed and sentences imposed thereon vacated; and, as so modified, affirmed.