(November 5, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE HAM, Appellant. [889 NYS2d 110]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 20, 2007, upon a verdict convicting defendant of the crimes of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

In April 2005, defendant and the victim got into an argument while playing basketball at a public park in the City of Schenectady, Schenectady County. The victim, who was on the same team as defendant, felt that defendant was not taking the game seriously or playing hard enough. The argument escalated until a mutual friend separated defendant and the victim, who both walked away before any punches were thrown. Defendant then left the park, only to return 15 to 20 minutes later in a car driven by his brother, codefendant Carl Molano.

According to the victim and an eyewitness, defendant walked towards him and asked to speak with him. When the victim approached, defendant pulled out a handgun and began firing at the victim, who pulled out his own handgun, ran behind a tree and fired back at defendant. Defendant remained in an open area, screaming that he was going to kill the victim and continuing to fire his handgun until he was out of bullets. At that point, the victim fled the park, firing at least two shots at defendant

as he ran away. While the victim was running across the park, Molano allegedly got out of the car, knelt down and shot at the victim with a rifle, hitting him in the left thigh. As defendant and Molano left the scene, the victim continued to run to his aunt's nearby home and was later taken to the hospital.

Defendant and Molano were subsequently charged in an indictment with numerous crimes, including attempted murder in the second degree, assault in the first degree, and assault in the second degree. Following a jury trial, both defendant and Molano were convicted of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Thereafter, defendant was sentenced to an aggregate term of 12 years in prison. Defendant now appeals.

Initially, we reject defendant's argument that County Court erred in denying his request for a justification charge (*see* Penal Law § 35.15). "Although the record must be considered in the light most favorable to the accused, a court need not charge justification if no reasonable view of the evidence establishes the elements of the defense" (*People v Reynoso*, 73 NY2d 816, 818 [1988] [citations omitted]; *see People v Padgett*, 60 NY2d 142, 144-145 [1983]). Inasmuch as there is no reasonable view of the evidence under which the jury could have concluded that defendant lacked an avenue of safe retreat or that he was not the initial aggressor upon returning to the park, the justification defense was not available here (*see* Penal Law § 35.15 [1] [b]; [2] [a]; *People v Reynoso*, 73 NY2d at 818; *People v Grady*, 40 AD3d 1368, 1371-1373 [2007], *lv denied* 9 NY3d 923 [2007]; *see also People v Petty*, 7 NY3d 277, 284-286 [2006]).

We agree with defendant, however, that the evidence adduced at trial is legally insufficient to support his conviction of assault in the first degree (*see* Penal Law § 120.10 [1]). Specifically, we find merit in defendant's argument that the People failed to prove that the victim suffered a "serious physical injury," which is defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Although the victim testified that he suffered intense pain as a result of the gunshot, his hospital records indicate that he experienced only a "small amount of associated bleeding" with the one-centimeter exit and entrance wounds on his left thigh, denied any loss of consciousness, and was stable upon examination at the hospital. Moreover, his X rays were

unremarkable and his condition was deemed "satisfactory" when he checked himself out of the hospital "against medical advice." Indeed, the victim's aunt testified that she was aware that he "walked out of the hospital after the shooting."

We note that the victim did testify that he has a "lump" on his leg, was given medication for his pain, required physical therapy to learn to walk again, needed crutches or a cane, and was unable to engage in sports for "a while" after the injury. There was no evidence presented, however, regarding how long he actually required medication, crutches and the cane; nor was any evidence proffered on the nature of the physical therapy he underwent or whether he experienced any continuing or protracted impairments that impacted his activities. Furthermore, despite the victim's testimony that he now walks with a limp, his aunt testified that the victim had a life-long limp because "[h]e was born with a club[ ] foot," and there was no proof detailing the extent to which defendant's limp had, in fact, worsened as a result of the shooting.

In short, in the absence of any evidence that the victim's wounds were life-threatening, caused serious and protracted disfigurement or protracted impairment of health or function of a bodily organ, "there is [no] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Gray*, 30 AD3d 771, 772-773 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Horton*, 9 AD3d 503, 504-505 [2004], *lv denied* 3 NY3d 707 [2004]; *see also People v Adames*, 52 AD3d 617, 618 [2008]; *People v Sleasman*, 24 AD3d 1041, 1042-1043 [2005]; *People v Castillo*, 199 AD2d 276, 276-277 [1993]; *cf. People v Golden*, 37 AD3d 972, 973 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Khuong Dinh Pham*, 31 AD3d 962, 965-966 [2006]; *People v Walker*, 279 AD2d 696, 697-698 [2001], *lv denied* 96 NY2d 869 [2001]; *People v Lewis*, 277 AD2d 603, 606-607 [2000], *lv denied* 95 NY2d 966 [2000]). We therefore reduce defendant's conviction of assault in the first degree to the lesser included offense of attempted assault in the first degree and remit to County Court for resentencing (*see* Penal Law §§ 110.00, 120.10 [1]; *People v Gray*, 30 AD3d at 773).

Lahtinen, Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for assault in the first degree under count four of the indictment to attempted assault in the first degree; vacate the sentence imposed thereon and matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.