■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNABE S. FELIPE, Also Known as BERNABE FEL F. SILVESTRE, Appellant. [913 NYS2d 398]—

Mercure, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 1, 2009, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree and sexually motivated felony.

Defendant met the victim at a bar in the City of Saratoga Springs, Saratoga County, and left with her when she went to catch an early morning bus. The victim fell and sprained her ankle, missing her bus. She then went with defendant, who was assisting her, to what she thought was his residence. When they arrived at horse stalls instead, the victim became uncomfortable and used her cell phone to call a friend. The victim testified that after she terminated the call, defendant came up behind her, grabbed the phone out of her hand, covered her nose and mouth and dragged her through a fenced-in area and into a

bathroom by the horse stalls. Defendant threw her to the ground, ripped her pants off, punched her in the face and ribs, and attempted to rape her. When defendant could not get an erection, he penetrated the victim's vagina and anus with his hand, continued to punch her, and bit her on the breast, face and lips. Eventually, the victim was able to free herself, struggle with defendant and scream, causing defendant to flee. The victim then ran into the street and obtained assistance in contacting police.

After defendant confessed to assaulting the victim and attempting to rape her, he was charged in an indictment with various crimes. Following a jury trial, defendant was convicted of attempted rape in the first degree, sexual abuse in the first degree, assault in the second degree and sexually motivated felony, and sentenced to an aggregate prison term of 20 years with 15 years of postrelease supervision. Defendant appeals, arguing that the People presented insufficient evidence that the victim suffered a serious physical injury, requiring reversal of his convictions for assault in the second degree and sexually motivated felony. We agree.

Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]), and is an element of assault in the second degree as charged herein (see Penal Law § 120.05 [1]). The record reveals that the victim was conscious and communicative when she arrived at the hospital after the attack, with normal vital signs and neurological state, despite extensive bruising, lacerations and pain. Radiological scans revealed no internal bleeding or bone fractures. Furthermore, while the victim was admitted to the hospital for several days, was prescribed pain medication upon discharge and testified that she missed a month of work, no medical evidence was presented to show that her absence from work was necessary. Rather, her discharge summary from the hospital indicated that remaining lacerations were expected to heal on their own without surgical intervention, her bruises were fading, and her continued pain was both occasional and tolerable with medication. In any event, there was no evidence that the victim suffered from any continuing pain or unresolved symptoms beyond one month after her injury.

Even viewing this evidence in the light most favorable to the People, we conclude that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt" (*People v Contes*, 60 NY2d 620, 621 [1983] [internal quotation marks and citations omitted]). That is, given the absence of evidence that the victim's injuries created a substantial risk of death or caused serious and protracted disfigurement or protracted impairment of health or function of a bodily organ, the evidence was insufficient to establish the serious physical injury element of assault in the second degree (*see People v Pittman*, 33 AD3d 1118, 1119-1120 [2006]; *People v Gray*, 30 AD3d 771, 772-773 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Sleasman*, 24 AD3d 1041, 1042-1043 [2005]; *People v Phillip*, 279 AD2d 802, 803 [2001], *lv denied* 96 NY2d 905 [2001]; *cf. People v Kern*, 75 NY2d 638, 658 [1990], *cert denied* 498 US 824 [1990]; *People v Casey*, 61 AD3d 1011, 1013 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Coy*, 45 AD3d 1050, 1051 [2007]). Under the circumstances herein and based upon the record before us, we therefore reduce defendant's conviction of assault in the second degree to assault in the third degree, a misdemeanor (*see* Penal Law § 120.00 [1]; § 10.00 [9]; *People v Sleasman*, 24 AD3d at 1043; *cf. People v Ham*, 67 AD3d 1038, 1038-1040 [2009]; *People v West*, 271 AD2d 806, 808 [2000], *lv denied* 95 NY2d 893 [2000]). Inasmuch as assault in the second degree formed the basis for defendant's sexually motivated felony conviction, that count must be dismissed (*see* Penal Law § 130.91).*

Finally, we agree with defendant that County Court erred in imposing consecutive sentences on his attempted rape and sexual abuse convictions. Sentences may not run consecutively "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other," and it is the People's burden to establish legality (*People v Laureano*, 87 NY2d 640, 643 [1996]; *accord People v Taveras*, 12 NY3d 21, 25 [2009]). While the victim's testimony at trial revealed multiple discrete acts of sexual contact, both the indictment and the court's instructions to the jury indicated only that defendant was charged with subjecting the victim to sexual contact by forcible compulsion. Because the jury may have convicted defendant of sexual abuse in the first degree based upon the same act that constituted attempted rape in the first degree, concurrent sentences are required (*see People v Alford*, 14 NY3d 846, 847-848 [2010]; *People v Parks*, 95 NY2d

---

* Defendant has been incarcerated for more than the one-year maximum allowed on the conviction of assault in the third degree, and County Court imposed a concurrent sentence of 15 years for attempted rape in the first degree. Thus, remittal for resentencing is not necessary (*see People v Robertson*, 53 AD3d 791, 793 n [2008], *lv denied* 11 NY3d 857 [2008]).

811, 814-815 [2000]; *People v Amato*, 1 AD3d 713, 716-717 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Jeanty*, 268 AD2d 675, 680 [2000], *lv denied* 94 NY2d 945 [2000]; *People v Ortiz*, 250 AD2d 626, 627-628 [1998], *lv denied* 92 NY2d 858 [1998]; *People v Radcliffe*, 185 AD2d 662, 663 [1992], *lv denied* 80 NY2d 976 [1992]; *cf. People v Frederick*, 14 NY3d 913, 917 [2010]).

Defendant's remaining argument has been considered and found to be lacking in merit.

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by (1) reducing defendant's conviction of assault in the second degree under count three of the indictment to assault in the third degree, (2) reversing defendant's conviction of sexually motivated felony under count four of the indictment and dismissing said count, (3) directing that defendant's sentences for the crimes of attempted rape in the first degree under count one of the indictment and sexual abuse in the first degree under count two of the indictment shall run concurrently rather than consecutively, and, as so modified, affirmed.