People v Wilder (2021 NY Slip Op 07025)





People v Wilder


2021 NY Slip Op 07025


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

109953
[*1]The People of the State of New York, Respondent,
v
Titus T. Wilder, Also Known as Primo, Appellant.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Allen E. Stone Jr., Vestal, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 10, 2017, upon a verdict convicting defendant of the crimes of attempted assault in the second degree and assault in the third degree.
In December 2015, based upon allegations that he, among other things, punched, kicked and stomped on the victim, defendant was charged by indictment with one count of attempted assault in the first degree, one count of assault in the second degree and three counts of intimidating a victim or witness in the third degree. Following motion practice, a four-day jury trial ensued, after which defendant was found guilty of the lesser included offenses of attempted assault in the second degree and assault in the third degree.[FN1] Defendant was thereafter sentenced, as a second felony offender, to a prison term of 2 to 4 years on his conviction of attempted assault in the second degree and to a lesser concurrent term of incarceration on the assault in the third degree conviction. Defendant appeals, solely arguing that the verdict was against the weight of the evidence.
In assessing whether a verdict is supported by the weight of the evidence, we must first determine whether, based upon all of the credible evidence, a different finding would have been unreasonable; if not, we must then "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" to determine whether the jury gave "the evidence the weight it should be accorded" (People v Romero, 7 NY3d 633, 643-644 [2006] [internal quotation marks and citations omitted]; see People v Young, 160 AD3d 1206, 1206-1207 [2018], lv denied 31 NY3d 1155 [2018]). In conducting a weight of the evidence review, we view the evidence in a neutral light (see People v Sanchez, 32 NY3d 1021, 1023 [2018]; People v Dancy, 87 AD3d 759, 761 [2011]). However, we also accord "[g]reat deference" to the jury's credibility determinations, given that the jurors have the "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Romero, 7 NY3d at 644).
As relevant here, to sustain the conviction for attempted assault in the second degree, the People were required to prove that defendant intended to cause physical injury to the victim by means of a dangerous instrument and that he "engage[d] in conduct which tend[ed] to effect the commission of such crime" (Penal Law § 110.00; see Penal Law § 120.05 [2]; cf. People v Agron, 106 AD3d 1126, 1128 [2013], lv denied 21 NY3d 1013 [2013]). As for assault in the third degree, the People had to prove that, "[w]ith intent to cause physical injury to another person, [defendant] cause[d] such injury to such person" (Penal Law § 120.00 [1]). "'Physical injury' means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Finally, given defendant's invocation of the ordinary [*2]defense of justification, the People bore the burden of proving beyond a reasonable doubt that defendant was not justified in his actions (see Penal Law § 25.00 [1]) — that is, as relevant here, that he did not reasonably believe that using physical force against the victim was necessary to defend himself from what he reasonably believed to be the use or imminent use of unlawful physical force by such person (see Penal Law § 35.15 [1]).
At trial, the victim testified that he and defendant had a friend in common (hereinafter the mutual friend) and that, on the night in question, he went to the mutual friend's house to look at an issue with defendant's truck. The victim stated that defendant, perhaps dissatisfied with work that the victim had previously done on the truck, appeared angry with him and reacted violently when he relayed that he needed to retrieve his tools to fix the issue. According to the victim, defendant began repeatedly punching him in the head, which, after 10 or 12 punches, knocked him from the chair on which he was sitting onto the ground. The victim testified that defendant, who was wearing Timberland boots, then proceeded to punch and kick him and stomp on his head. In the victim's estimation, he endured the attack for three to five minutes before managing to get away, walk to his home and call 911. The 911 call, in which the victim reports that defendant kicked and stomped him, was admitted into evidence and played for the jury. The emergency medical technician who responded to the 911 call testified that the victim reported having been punched and kicked, but not that he had been stomped. Similarly, the law enforcement officer who responded to the scene and the emergency room physician who treated the victim testified that defendant did not report having been stomped. With respect to his alleged injuries, the victim's testimony, as well as the testimony from the emergency room physician, demonstrated that the victim sustained fractures to various facial bones, including fractures to his right eye socket. The victim further testified that, since the attack, he sees floating dots in his left eye and has a ringing in his ear.
In furtherance of his defense, defendant presented the testimony of the mutual friend, who testified that he heard defendant and the victim discussing work that needed to be done to defendant's truck. He stated that he saw the victim raise his hand at defendant [FN2] and described thereafter observing defendant and the victim "hugging" in a wrestling-type manner, falling together at one point. The mutual friend testified that he did not observe anyone kicking or stomping and that both defendant and the victim "got up and walk[ed] away" afterward. According to the mutual friend, the victim smelled of alcohol and was drinking on the night in question.
In our view, given the differing accounts offered by the victim and the mutual friend, as well as the fact that the victim did not report the alleged [*3]stomping to the emergency responders or the emergency room physician, it would not have been unreasonable for the jury to have reached a different verdict (see People v Bush, 184 AD3d 1003, 1006 [2020], lv denied 35 NY3d 1093 [2020]). However, the differences and/or inconsistencies in the victim's and the mutual friend's respective accounts were fully explored and challenged during their direct and cross-examinations. Contrary to defendant's contentions, any inconsistencies between the victim's testimony and prior reports were minor and did not render his testimony inherently unbelievable or incredible as a matter of law (see People v Delbrey, 179 AD3d 1292, 1294 [2020], lv denied 35 NY3d 969 [2020]; People v Ryder, 146 AD3d 1022, 1025 [2017], lv denied 29 NY3d 1086 [2017]). Simply stated, the competing proof presented a credibility question for the jury, one which it resolved in favor of the People. Viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we find that the weight of the evidence supports the jury's rejection of defendant's justification defense, as well as its determination that defendant committed the crimes of attempted assault in the second degree and assault in the third degree (see Penal Law §§ 35.15 [1]; 110.00, 120.00 [1]; 120.05 [2]; People v Ingram, 95 AD3d 1376, 1377 [2012], lv denied 19 NY3d 974 [2012]; People v Taylor, 276 AD2d 933, 935-936 [2000], lv denied 96 NY2d 788 [2001]). As such, we will not disturb the judgment of conviction.
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: At the close of the People's proof, defendant moved for a trial order of dismissal. County Court found that the evidence was legally insufficient to establish the element of serious physical injury so as to convict defendant of assault in the second degree under count 2 of the indictment (see Penal Law 120.05 [1]). Therefore, on that count, the jury considered the lesser included charges of attempted assault in the second degree and assault in the third degree.

Footnote 2: During his direct examination, the mutual friend did not assert that the victim was holding anything in his raised hand. However, upon cross-examination, the mutual friend testified that the victim "had a screwdriver in his hand."