People v Dillon (2024 NY Slip Op 05246)

People v Dillon

2024 NY Slip Op 05246

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

112420 CR-23-0331
[*1]The People of the State of New York, Respondent,
v
Ronald W. Dillon Jr., Appellant.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Clark, J.P.
Appeals (1) from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered July 2, 2020, upon a verdict convicting defendant of the crime of assault in the second degree, and (2) from a judgment of said court (Gregory P. Storie, J.), rendered November 22, 2022, which resentenced defendant.
In the early morning hours of August 5, 2018, defendant and two other individuals were riding motorcycles in the Town of Waddington, St. Lawrence County. As they approached three pedestrians — the victim, a male pedestrian and a female pedestrian — walking along the side of the road, the male pedestrian motioned for the motorcycles to slow down. The motorcycles pulled over, and the male pedestrian and one of the motorcyclists got into an argument that escalated into a physical altercation. As the victim stood aside watching, he was punched on the left side of his face and then headbutted, and he suffered a fracture to his jaw. Defendant was later arrested in connection with the victim's injuries, and he was charged by indictment with assault in the second degree.
Defendant initially proceeded to jury trial in February 2019, but a mistrial was declared pursuant to CPL 280.10 due to the ineffective assistance of counsel. Defendant retained new counsel and proceeded to a second jury trial in May 2019, where he was found guilty as charged. County Court (Richey, J.) sentenced defendant, as a second felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision. After his predicate felony conviction for criminal possession of marihuana in the second degree (see former Penal Law § 221.25, repealed by L 2021, ch 92, § 15) was reduced to criminal possession of cannabis in the third degree, a class A misdemeanor (see Penal Law § 222.30), defendant moved to set aside his sentence pursuant to CPL 440.20. County Court (Carriero, J.) granted the motion, set aside the sentence and scheduled the matter for resentencing. Thereafter, County Court (Storie, J.) resentenced defendant to a prison term of seven years, to be followed by three years of postrelease supervision. Defendant appeals from the judgment of conviction and the judgment after resentencing.
Defendant argues that the verdict is not supported by legally sufficient evidence and that it is against the weight of the evidence. "When assessing the legal sufficiency of a jury verdict, we view the facts in the light most favorable to the People and examine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt. In turn, when conducting a weight of the evidence review, we must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the [*2]testimony to determine if the verdict is supported by the weight of the evidence" (People v Jenkins, 215 AD3d 1118, 1119 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 997 [2023]; see People v Estrella, 41 NY3d 514, 517 [2024]; People v Saylor, 173 AD3d 1489, 1490 [3d Dept 2019]). As relevant here, "[a] person is guilty of assault in the second degree when[,] . . . [w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person" (Penal Law § 120.05 [1]). "Serious physical injury" is defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).
Defendant's contention that his conviction is not supported by legally sufficient evidence is preserved only with respect to the issue of identity, as this was the sole basis for his motion to dismiss (see People v Shabazz, 177 AD3d 1170, 1172 [3d Dept 2019]; People v Greenfield, 112 AD3d 1226, 1226 [3d Dept 2013], lv denied 23 NY3d 1037 [2014]).[FN1] The victim admitted that he did not see who punched him on the left side of his face, as he had his eyes on the male pedestrian and one of the motorcyclists who were wrestling on the ground, but he did see that the other motorcyclist was standing to his right and defendant to his left. Further, after being knocked down by the punch, the victim saw defendant standing over him. A brief verbal exchange ensued and, when the victim stood back up, defendant headbutted him. Viewing this evidence in the light most favorable to the People, a valid line of reasoning exists that would allow a rational jury to find that defendant was the individual who punched and headbutted the victim (see People v Scott, 219 AD3d 1572, 1574-1575 [3d Dept 2023]; People v Lorenz, 211 AD3d 1109, 1110 [3d Dept 2022], lv denied 39 NY3d 1112 [2023]; People v Smith, 174 AD3d 1039, 1042 [3d Dept 2019], lv denied 35 NY3d 1097 [2020]). Thus, the identity element was established by legally sufficient evidence.
Turning to defendant's challenge to the weight of the evidence, inasmuch as the victim admitted that he did not see who punched him, a different finding would not have been unreasonable. Further, a defense witness testified that she saw one of the other motorcyclists punch the victim, but she also admitted that she had spoken with defendant about her testimony and that he had urged her to blame one of the other motorcyclists. As to the victim's injuries, an oral surgeon who examined the victim diagnosed him with a fracture to the left side of his mandible, consistent with facial trauma, and performed a surgical procedure to wire the victim's jaw shut. The victim testified that his jaw was wired shut for several weeks and that he was unable to eat solid food for six weeks, causing him to lose approximately [*3]25 pounds. At the trial, which was approximately 10 months after the incident, the victim continued to experience very occasional pain that he described as similar to arthritis. Although we do not minimize the trauma and pain suffered by the victim, the record is devoid of evidence about the injury's effect on the victim's daily living to support a finding that he sustained a "protracted impairment of health or . . . of the function of any bodily organ" (Penal Law § 10.00 [10]; compare People v Hilton, 166 AD3d 1316, 1318-1319 [3d Dept 2018], lv denied 32 NY3d 1205 [2019]; People v Ford, 156 AD3d 1242, 1244 [3d Dept 2017], lv denied 31 NY3d 1013 [2018]). Consequently, we are constrained to find that the verdict convicting defendant of assault in the second degree is against the weight of the evidence, as the record does not establish that the victim suffered a "serious physical injury," as that term is defined in Penal Law § 10.00 (10) (see People v Stewart, 18 NY3d 831, 832-833 [2011]; People v Smith, 193 AD3d 1260, 1262-1263 [3d Dept 2021], lv denied 37 NY3d 968 [2021]; see also People v Phillip, 279 AD2d 802, 803 [3d Dept 2001], lv denied 96 NY2d 905 [2001]; compare People v Burns, 188 AD3d 1438, 1442-1443 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]). Nevertheless, as such evidence establishes that the victim suffered a physical injury — "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]) — deferring to the jury's credibility determinations and viewing the evidence in a neutral light, we are satisfied that a conviction of the lesser included offense of assault in the third degree is supported by the weight of the evidence, as each and every element of said crime is established beyond a reasonable doubt (see Penal Law § 120.00 [1]; People v Wilder, 200 AD3d 1303, 1304-1306 [3d Dept 2021]; People v Smith, 193 AD3d at 1262-1263; People v Sleasman, 24 AD3d 1041, 1042-1043 [3d Dept 2005]).
Therefore, under these circumstances, we reduce defendant's conviction of assault in the second degree to assault in the third degree, vacate the sentence imposed on such conviction and remit the matter to County Court for resentencing (see Penal Law § 120.00 [1]; People v Smith, 193 AD3d at 1263; People v Phillip, 279 AD2d at 803). In light of such holding, defendant's challenge to the sentence imposed upon resentencing as harsh and excessive has been rendered academic. Defendant's remaining contentions have been examined and are found to lack merit.
Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgments are reversed, on the facts, defendant's conviction of assault in the second degree is reduced to assault in the third degree, the sentence imposed thereon is vacated and matter remitted to the County Court of St. Lawrence County for resentencing.

Footnotes

Footnote 1: Nevertheless, we review defendant's claims that the People failed to establish defendant's intent and that the victim sustained a serious physical injury as part of his challenge to the weight of the evidence, as we must "consider the evidence adduced with respect to each element of the crime for which defendant was convicted" (People v Signor, 173 AD3d 1264, 1264 [3d Dept 2019] [internal quotation marks and citation omitted]).