■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ARGUEDAS, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered May 18, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to a prison term of 4½ to 9 years, unanimously affirmed.

An undercover police officer purchased two vials of crack from defendant's "steerer". Over defense counsel's objection to the admission of uncharged crimes, the court permitted the police officers to testify that prior to and during the sale, they observed defendant making "quick handshakes" with people on the street. Contrary to defendant's argument on appeal, this evidence was admissible to prove his identity and the fact that he was acting in concert *(People v Carter,* 77 NY2d 95, 107, *cert denied* — US —, 113 L Ed 2d 662). Defendant's argument that he was deprived of a fair trial when the court, instructing the jury on witness credibility, remarked that the fact that the witnesses were police officers was "just one factor to consider along with everything else", is unpreserved (CPL 470.05 [2]), and we decline to reach it in the interest of justice.

Nor did the court's final instructions regarding the evaluation of opinion evidence improperly convey that police officers are experts whose testimony is entitled to greater weight than that of any other witness. Finally, the court properly denied defendant's speedy trial motion (CPL 30.30), since the People clearly were not responsible for the delays in each of the four disputed periods. Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.