■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COLLINS, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered December 17,

1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree, and sentencing him as a second felony offender to concurrent terms of from 3½ to 7 years, unanimously affirmed.

We agree with the trial court's conclusion that defendant was not denied his statutory right to a speedy trial. However, while the first two disputed periods were properly excluded *(People v Arguedas,* 181 AD2d 595, 596, *lv denied* 80 NY2d 828; *People v Batista,* 166 AD2d 278, 279, *lv denied* 77 NY2d 836), we find that an additional two week period should have been charged to the People, bringing the total of includible time to 179 days, still within the 183 days allowable. As the People concede on appeal, they should have been charged with at least one additional week (February 7 to 14) when they could not proceed and, contrary to the court's finding, defense counsel expressly withheld her consent to the adjournment. However, the second week of that same period (February 14 to 21, 1990) should also have been charged to the People, since the record does not confirm the People's assertion that they specifically requested an adjournment of only one week, but the court chose instead to adjourn the case for two weeks.

Defendant's motion to suppress his post-arrest statement should have been granted, in view of the conflicting testimony öf the officer to whom the statement was made. Examination of the record reveals that at the time of the suppression hearing, the officer simply could not remember with any certainty where or when the statement was made. He repeatedly acknowledged that it was or could have been made after he inquired why defendant had run away when the officer approached. This is hardly a scenario comparable to that in *People v Greer* (42 NY2d 170) or *People v Huffman* (41 NY2d 29), as the People contend, since in this case there was no doubt that the officer had witnessed a crime and intended to make an arrest. Nonetheless, the admission of the statement was harmless beyond a reasonable doubt, in light of the testimony from two officers as to their observations of defendant's sale of PCP to another individual.

Finally, the court did not improperly terminate the readback of testimony in response to a jury note, nor was it improper to allow the jury to confer in the courtroom with respect to the note. Rather, the court allowed the jury to determine when it had heard the relevant testimony, and to signal that the reading could be concluded *(see, People v Elie,*

150 AD2d 719, *lv denied* 74 NY2d 739). Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.