■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HOLLIS, Appellant. [628 NYS2d 264] —Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered November 7, 1991, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, in absentia, as a second felony offender, to a term of $7^1/_2$ to 15 years, unanimously affirmed.

Defendant's claim that the court's charge improperly favored the prosecution because it suggested that the police officers' failure to recover either the gun or the victim's gold rings from him when he was arrested was consistent with guilt is unpreserved since defendant did not object to the court's charge (*People v Cross*, 174 AD2d 313, 314, *lv denied* 78 NY2d 964), and we decline to review it in the interest of justice. Were we to review it, we would find that the charge, viewed as a whole, was adequately balanced.

Defendant's claim that the trial court pressured the jury into rescinding their request for a readback of the entire trial testimony likewise is unpreserved for review and we decline to review it in the interest of justice. In any event, it is without merit. While the court asked the jury whether they had heard sufficient testimony to resolve their dispute before all the testimony had been reread, this query was not improper, nor did it coerce or pressure the jurors since the court repeatedly instructed the jury thereafter that they could hear any additional testimony they needed (*see, People v Hawkins*, 173 AD2d 358, *lv denied* 78 NY2d 1076). Moreover, the court's repeated reassurances on this matter diffused any prejudice that might have resulted from its initial reply when the readback request was initially made (*People v Bilbatua*, 208 AD2d 404, *lv denied* 84 NY2d 1029). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.