■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ACCARDI, Appellant. [635 NYS2d 652] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 13, 1993, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

The record demonstrates that the defendant made several inculpatory statements to the police, one of which occurred at approximately 2:00 A.M. on April 9, 1992. During the *Huntley* hearing, the detective who took the statement testified that he was the only person present at the time it was made. However, at the close of the hearing, the defendant's counsel acknowledged that the People had given him a CPL 710.30 notice indicating, *inter alia*, that the subject statement had been made in the presence of two named detectives. The hearing court similarly commented on the contents of the notice. During the ensuing trial, the detective who previously had testified at the hearing took the stand and stated, *inter alia*, that he and the fellow detective mentioned in the CPL 710.30 notice had been present during the 2:00 A.M. statement. The defendant's counsel then moved to reopen the *Huntley* hearing solely on the basis of this discrepancy between the detective's hearing and trial testimony. Contrary to the defendant's present contention, the trial court did not err in denying the application to reopen the hearing.

CPL 710.40 (4) provides that "[i]f after a pre-trial determination and denial of the motion [to suppress] the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, it may permit him to renew the motion before trial or, if such was not possible owing to the time of the discovery of the alleged new facts, during trial." In this case, it is clear that at the time of the hearing, the defendant's counsel was or should have been aware of the discrepancy regarding the number of detectives who were present at the 2:00 A.M. statement. Accordingly, the defendant failed to demonstrate that his application to reopen the hearing was premised upon additional facts which, in the exercise of reasonable diligence, could not have been discovered earlier (*see, e.g., People v Mitchell-Benetiz*, 168 AD2d 994). Moreover, since this discrepancy constituted the sole basis for the defendant's motion to reopen, the additional grounds which he presently

advances in support of his contention have not been preserved for appellate review (*see, People v Martin*, 50 NY2d 1029; *People v Booker*, 49 NY2d 989).

Upon the exercise of our factual review power, we are satisfied that the verdict finding the defendant guilty of murder in the second degree—intentional murder (*see*, Penal Law § 125.25 [1]) was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.