THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GONZALEZ, Appellant. [644 NYS2d 710]

Defendant Julio Gonzalez was convicted of setting fire to the "Happy Land Social Club", resulting in the deaths of 87 people trapped inside, and serious injuries to another. Defendant relied exclusively on an insanity defense at trial. He contends on appeal that the Trial Judge's excessive interference, in the form of extensive questioning of witnesses and various remarks and charges given to the jury, deprived him of a fair trial.

It is well established that a trial court may question witnesses or otherwise intervene in order to clarify confusing testimony, or to facilitate the orderly progress of the trial (*People v Yut Wai Tom*, 53 NY2d 44, 56-57; *People v Ellis*, 62 AD2d 469, 470). While ordinarily this power should be exercised "sparingly" (*People v Yut Wai Tom, supra*, at 57), in the case of expert testimony, the court's intervention is often necessary to assist the jurors in comprehending matters of specialized knowledge (*People v Jones*, 176 AD2d 174, *lv denied* 79 NY2d 859).

Based on our review of the record, we find that the trial court's questioning here did not usurp the role of the attorneys, nor did it convey to the jury that the court had any personal opinion regarding the evidence or the proffered insanity defense (*cf., People v Yut Wai Tom, supra*). While the court's

questioning occasionally became adversarial in tone, it did so with witnesses on both sides, and was intended to clarify or expedite matters arising during the course of a lengthy trial. Additionally, the instructions given by the court were invariably correct and balanced, and we are further satisfied that their repetition likewise did not suggest any opinion to the jury.

In any event, we note that the People presented overwhelming evidence to rebut defendant's sole defense of lack of responsibility by reason of mental disease or defect. Defendant's conduct at the time of the crime clearly established that he appreciated the nature, consequences, and wrongfulness of his conduct. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.