■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW YOUNG, Appellant. [650 NYS2d 767] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 14, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the *Wade* hearing should have been reopened because he subsequently learned that the pretrial identification procedures were unnecessarily suggestive. Specifically, he argues that the complainant, who had described one of the men who had robbed his store as having worn a red and black checkered shirt, had been shown a photograph of the defendant wearing a red and black checkered shirt, and that the defendant was the only man in the lineup who was wearing a red and black checkered shirt.

The court did not err in refusing to reopen the *Wade* hearing. A notice of intention, dated November 29, 1991, to offer the testimony of the witness who identified the photographs of the defendant was given to the defense counsel pursuant to CPL 710.30 (1) (b). Hence, had defense counsel used reasonable

diligence to review the lineup photograph and the two photographs selected by the complainant from several police photograph books prior to the *Wade* hearing on March 9, 1992, he would have seen that the defendant had worn a checkered shirt in the lineup and in one of the photographs (see, CPL 710.40 [4]; *People v Fuentes*, 53 NY2d 892; *People v Accardi*, 222 AD2d 596).

In any event, we find that the pretrial identification procedures were not unduly suggestive. The day after the robbery, one of the complainants was presented with at least 10 books containing numerous photographs of black males, from which he selected two photographs of the defendant, one of which did not depict the defendant wearing a checkered shirt. Thereafter, based upon the complainant's photographic identification, a "Wanted" poster of the defendant was created and posted, from which the defendant was identified approximately nine months later. When the defendant was finally apprehended, a lineup was conducted in which the defendant was indeed the only man in the lineup wearing a checkered shirt. However, since the complainant had already positively identified two photographs of the defendant nine months earlier, there is no reason to believe that he was influenced by the defendant's attire when he chose the defendant from a lineup of six men.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.