■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MUSGROVE, Appellant. [691 NYS2d 74] —Appeal by the

defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered April 16, 1998, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying the defendant's motion to reopen the *Wade* hearing. CPL 710.40 (4) provides that a court may permit a defendant to renew his motion to suppress evidence if it is satisfied, upon the defendant's showing, that new facts have been discovered "which * * * could not have [been] discovered with reasonable diligence before the determination of the motion". The defendant concedes that he had a copy of the photographic array of which he now complains prior to the *Wade* hearing. His belated discovery that the array contained two identical photographs of another individual could have been discovered with reasonable diligence prior to the court's determination (*see, People v Washington,* 238 AD2d 43, 47-48; *People v Young,* 233 AD2d 537, 538).

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Williams,* 187 AD2d 547). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed upon the defendant was not excessive (*see, People v Nicholson,* 231 AD2d 533, 534; *People v Suitte,* 90 AD2d 80, 86-87).

The defendant's remaining contention is without merit. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.