■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERAIN BRYANT, Appellant. [717 NYS2d 136] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 13, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing her to a term of 25 years to life, unanimously affirmed.

The court did not improvidently exercise its discretion in denying the defense application to call an expert witness on battered women's syndrome on the ground that, under all the circumstances, defendant did not lay a sufficient foundation (*see, People v Cronin*, 60 NY2d 430; *People v Diaz*, 51 NY2d 841) or make an adequate offer of proof. We note that there was overwhelming evidence that defendant personally inflicted vicious abuse and severe injuries upon the deceased, her four-year-old child, entirely of her own volition and ill-will toward the child, and that the purported abuser, defendant's husband, was not even present during some of this abuse. The People's theory that defendant failed to protect the child from abuse by defendant's husband was only a minor component of the case.

The court's participation in the examination of witnesses was within reasonable limits and did not deprive defendant of a fair trial (*see, People v Moulton*, 43 NY2d 944; *People v Gonzalez*, 228 AD2d 340, *lv denied* 88 NY2d 1021). Defendant's chal-

lenges to the court's charge do not warrant reversal since the charge as a whole conveyed the proper standards (*see, People v Coleman*, 70 NY2d 817).

We perceive no basis for reduction of sentence. The court's Biblical reference during sentence does not establish that sentencing was based on improper criteria. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.