■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CRAYTON, Appellant. [718 NYS2d 299] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 19, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's claim that the trial court excessively interfered in the examination of witnesses is unpreserved for review (*see, People v Charleston*, 56 NY2d 886, 887; *People v Yut Wai Tom*, 53 NY2d 44, 54-56), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's participation in the examination of witnesses was not so excessive as to deprive defendant of a fair trial, given the court's instructions to the jury (*see, People v Gonzalez*, 228 AD2d 340, *lv denied* 88 NY2d 1021).

The court's instruction on accessorial liability was appropriate and the court meaningfully responded to a jury note on that subject by rereading its original instruction (*see, People v Malloy*, 55 NY2d 296). As to each set of instructions, "[a]lthough it is preferred, the court was not required to instruct the jury specifically, as requested, that defendant's mere pres-

ence at the scene was insufficient to convict [him] under an acting in concert theory, since the charge as a whole conveyed the proper standards." (*People v Brown*, 248 AD2d 145, *lv denied* 91 NY2d 1005.)

The prosecutor's summation remark concerning the manner in which illegal drugs are packaged drew a reasonable inference from the evidence and was a permissible response to defendant's summation. Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.