■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CHAVEZ, Appellant. [721 NYS2d 25] —Judgment, Supreme Court, Bronx County (John Perone, J.), rendered June 25, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 6 to 12 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

During readbacks of testimony, the court properly exercised its discretion in employing a procedure whereby the jury was provided with the option to determine when it had heard the desired testimony and to signal, through the foreperson, that the readback could be terminated (*see, People v Collins*, 189 AD2d 564, *revd on other grounds* 82 NY2d 177). The court was careful to ascertain that the foreperson was speaking for every member of the jury, and no juror objected to the termination of the readbacks. When, during the first readback, the court reminded the jurors of their option to stop the readback when they had heard enough, this did not pressure them into curtailing any of their requests for readbacks, since the court made clear that the reading of testimony would continue until all jurors were satisfied (*see, People v Hollis*, 216 AD2d 17, *lv denied* 86 NY2d 796; *People v Reynoso*, 184 AD2d 393, *lv denied* 80 NY2d 908).

The court properly exercised its discretion when it precluded

defendant from introducing evidence that he may have been mistaken for a particular person involved in the sale of drugs at the same location on the following day. After reviewing the evidence concerning this individual presented to the court by defendant in his offer of proof, the court properly determined that this evidence was speculative and failed to establish a clear connection between that person and the instant crime (*see, People v Coleman*, 186 AD2d 509, *lv denied* 81 NY2d 787). The court's ruling did not impair defendant's right to present a defense because the excluded evidence could not have created a reasonable doubt about defendant's guilt.

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.