■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HENDERSON, Appellant. (Appeal No. 1.) [762 NYS2d 553] —Appeal from a judgment of Monroe County Court (Connell, J.), entered January 11, 2002, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from judgments convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) (appeal No. 1) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]) (appeal No. 2). We reject the contention of defendant that County Court erred in issuing a search warrant authorizing execution at night because the People did not request that relief in the warrant application. "If the court is further satisfied that grounds * * * exist for authorizing the search to be made at any hour of the day or night * * * it may make the search warrant executable accordingly" (CPL 690.40 [2]). The affidavit in support of the search warrant requested no-knock authorization due to the fact that drugs and implements to administer them could be easily disposed of or destroyed. That showing supports the nighttime search authorized by the warrant (*see People v Harris,* 47 AD2d 385, 388-389 [1975]).

We also reject defendant's contention that the charge with respect to accessorial liability was improper (*see generally* Penal Law § 20.00). " '[T]he court was not required to instruct the jury specifically, as requested, that defendant's mere presence at the scene was insufficient to convict [him] under an acting in concert theory, since the charge as a whole conveyed

the proper standards' " (*People v Crayton*, 278 AD2d 64, 64-65 [2000], *lv denied* 96 NY2d 782 [2001], quoting *People v Brown*, 248 AD2d 145 [1998], *lv denied* 91 NY2d 1005 [1998]). Finally, because the indictments "properly aggregated all the drugs simultaneously found in defendant's constructive possession," they were not defective in charging only one count of each possessory offense (*People v Bryan*, 270 AD2d 875, 875 [2000], *lv denied* 95 NY2d 904 [internal quotation marks omitted] [2000]). Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.