538

■ The People of the State of New York, Respondent, v Dwayne Gauze, Appellant. [770 NYS2d 749]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered May 8, 2001, convicting him of murder in the second degree, assault in the second degree, endangering the welfare of a child (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly refused to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree, as there was no reasonable view of the evidence that would support a finding that the defendant intended to cause serious physical injury rather than death (see CPL 300.50 [1]; *People v Butler,* 84 NY2d 627 [1994]; cf. *People v Martin,* 59 NY2d 704 [1983]). The defendant smashed an 18-month-old child's head against the pavement multiple times in a parking lot, and the child eventually died of complications resulting from blunt trauma to his head. This evidence and the other circumstances surrounding the incident support the trial court's conclusion that the submission of the lesser-included offense of manslaughter in the first degree to the jury was not warranted (see e.g. *People v Spears,* 271 AD2d 464 [2000]; *People v Kelly,* 221 AD2d 661 [1995]; *People v Evans,* 192 AD2d 671 [1993]).

The trial court responded meaningfully to the jury's request for a readback of the testimony of the People's forensic psychiatrist. It was well within the trial court's discretion to ask the jury if it had heard enough testimony after the conclusion of a readback of the witness's direct testimony (see *People v Gadson,* 161 AD2d 795 [1990]). Furthermore, the record does not demonstrate that the trial court expressed an unwillingness to abide by the jury's readback request (see *People v Gadson, supra).*

While the prosecutor should have obtained a ruling from the

trial court regarding the admissibility of testimony from the People's forensic psychiatrist on rebuttal regarding the defendant's uncharged crimes before the evidence was introduced into the case (*see People v Ventimiglia,* 52 NY2d 350 [1981]), the error was harmless as this evidence was admissible (*see People v Santarelli,* 49 NY2d 241 [1980]), and because the evidence of the defendant's guilt was overwhelming (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.