■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CROSBY, Appellant. [821 NYS2d 908]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 27, 2004, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), kidnapping in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch at the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the trial court's instruction on acting in concert was appropriate and the trial court meaningfully responded to a jury note with respect thereto by rereading its original instruction (*see People v Malloy*, 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]; *People v Crayton*, 278 AD2d 64 [2000]). The trial court's immediate curative instruction in connection with a witness' testimony regarding the defendant's alleged prior drug use effectively minimized any potential prejudice (*see People v Berg*, 59 NY2d 294, 299-300 [1983]; *People v Smith*, 288 AD2d 244 [2001]).

Additionally, the defendant improperly relies on the victim's trial testimony to challenge the hearing court's determination that there was probable cause to arrest the defendant. "Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling" (*People v Gold*, 249 AD2d 414, 415 [1998]; *see People v Gonzalez*, 55 NY2d 720 [1981], *cert denied* 456 US 1010 [1982]; *People v Brown*, 11 AD3d 474 [2004]).

The defendant's contentions that his sentencing as a persistent felony offender and to consecutive sentences violated his constitutional rights pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) are unpreserved for appellate review and, in any event, are without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Portalatin*, 18 AD3d 673 [2005]; *People v Cruz*, 308 AD2d 458 [2003]).

The defendant's contentions raised in points two, three, four, and five of his supplemental pro se brief, inter alia, relating to prosecutorial misconduct at the *Rodriguez* hearing (*see People v*

*Rodriguez,* 79 NY2d 445 [1992]), whether the court should have granted an adjournment, whether the victim's in-court identification of the defendant should have been suppressed, and ineffective assistance of counsel, are without merit. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.