■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant. [838 NYS2d 564]—

Judgment, Supreme Court, Bronx County (Robert A. Sackett, J.), rendered June 30, 2005, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's credibility determinations (see People v Bleakley, 69 NY2d 490, 495 [1987]), including its resolution of alleged inconsistencies in testimony and conflicts between testimony and physical evidence.

The court instructed the jury that during its deliberations one of its options was to request a readback of the entire testimony of a witness, while giving its foreperson authority to signal when the court reporter had finished reading the portion of the testimony the jury wanted to hear. When, at the foreperson's signal, the court terminated the readback at issue on appeal, the court specifically instructed the jury to send another note if the readback was not sufficient. Defense counsel agreed to this procedure, and the only concern he raised at the end of the readback was that the demeanor of some jurors suggested that they wanted to hear more of the testimony. Accordingly, defendant did not preserve his present challenge to the procedure employed by the court (see People v Pineda-Marrero, 283 AD2d 178 [2001]), and we decline to review it in the inter-

est of justice. Were we to review this claim, we would find that the procedure was permissible (*see People v Chavez*, 280 AD2d 350 [2001], *lv denied* 96 NY2d 860 [2001]). The court's instruction that the jury could advise it, by another note, if the foreperson's signal did not comport with the view of the entire jury sufficed "to ascertain that the foreperson was speaking for every member of the jury" (*id.*). The absence of a follow-up note established that counsel was mistaken about the jury's alleged lack of unanimity. Contrary to defendant's argument, a simple signal to stop is not the type of jury communication contemplated by CPL 310.30, and it does not require the formalities set forth in that section.

Defendant's remaining argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal. Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.