# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

259

KA 10-02423

PRESENT: SMITH, J.P., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RICKY PROCTOR, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 10, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that Supreme Court erred in denying his motion for a mistrial after a witness testified that she had seen defendant's photograph in a photo array presented to her by a police detective who was investigating the subject homicide. The reference was brief and inadvertent, and any prejudice to defendant was minimized by the court's curative instruction (*see People v Cruz*, 134 AD2d 886, 886, *lv denied* 71 NY2d 894; *see also People v Gonzalez*, 295 AD2d 264, 265, *lv denied* 99 NY2d 535; *People v Rodriguez*, 281 AD2d 289, *lv denied* 98 NY2d 701). In any event, any error in the admission of that testimony is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's further contention that the court erred in admitting negative identification testimony (*see People v Wilder*, 93 NY2d 352, 356). Defendant and his brother were so similar in appearance that they were referred to as "twins" by those who knew them and, thus, such testimony was relevant and probative in establishing that the witnesses to this crime could distinguish defendant from his brother.

Defendant further contends that the court erred in denying his motion for a mistrial based on the court's omission of allegedly

critical testimony from a readback given in response to a jury note. That contention is not preserved for our review inasmuch as defense counsel failed to raise that contention before the jury had recommenced its deliberations, when any "error could have been cured" (*People v Ramirez*, 15 NY3d 824, 826; *see People v Smart*, 100 AD3d 1473, 1474).  In any event, defendant's contention is without merit. The record establishes that after defense counsel brought the omission to the court's attention, the court immediately took steps to have that testimony read to the jury.  When the jury announced that it had a verdict before the supplemental readback could be given, the court, on the record, outlined a procedure that involved not accepting the verdict until that readback was given and then directing the jury to continue its deliberations with the benefit of having heard that supplemental testimony.  The court therefore properly followed the procedures outlined in *People v O'Rama* (78 NY2d 270, 277-278). Finally, the sentence is not unduly harsh or severe.

Entered:  March 22, 2013                     Frances E. Cafarell
                                             Clerk of the Court