■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL L. FUQUA, Appellant. [974 NYS2d 834]—

Appeal from a judgment of the Supreme Court, Monroe

County (Francis A. Affronti, J.), rendered June 18, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that Supreme Court erred in refusing to grant his request to instruct the jury that his mere presence in the area where the gun was possessed by another person or his mere knowledge that another person possessed the gun were insufficient to establish his guilt. The court's definition of the term "possess" was taken from the Criminal Jury Instructions, and that definition adequately conveyed the inference that defendant could not be convicted based on his mere presence in the area where another person possessed the gun or his mere knowledge that another person possessed the gun (*see People v Johnson*, 190 AD2d 753, 754 [1993], *lv denied* 81 NY2d 972 [1993]; *People v Wooley*, 187 AD2d 623, 623 [1992], *lv denied* 81 NY2d 849 [1993]; *see also People v Henderson*, 307 AD2d 746, 746-747 [2003], *lv denied* 100 NY2d 595 [2003]). We presume that the jurors had " 'sufficient intelligence' " to make that inference, and defendant was "not 'entitled to select the phraseology' that makes [that] inference[ ] all the more explicit" (*People v Samuels*, 99 NY2d 20, 25-26 [2002]). We reject defendant's further contention that the court erred in refusing to grant his renewed request for such a jury instruction, following its receipt of a note from the jury regarding the definition of the term "possession." The court meaningfully responded to the jury's request by rereading its original instruction with respect to the definition of that term (*see People v Shanks*, 207 AD2d 710, 710 [1994], *lv denied* 84 NY2d 1015 [1994]), and the jury "gave no indication after the original charge was repeated that [its] concern had not been satisfied" (*People v Malloy*, 55 NY2d 296, 303 [1982], *cert denied* 459 US 847 [1982]; *see People v Davis*, 118 AD2d 206, 212 [1986], *lv denied* 68 NY2d 768 [1986]). Present—Fahey, J.P., Peradotto, Lindley, Sconiers and Whalen, JJ.