# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1099

KA 09-01465

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                           MEMORANDUM AND ORDER

WENDELL L. FUQUA, DEFENDANT-APPELLANT.
_____

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------

       Appeal from a judgment of the Supreme Court, Monroe County
(Francis A. Affronti, J.), rendered June 18, 2009.  The judgment
convicted defendant, upon a jury verdict, of criminal possession of a
weapon in the second degree and criminal possession of a weapon in the
third degree.

       It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

       Memorandum:  Defendant appeals from a judgment convicting him,
upon a jury verdict, of criminal possession of a weapon in the second
degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in
the third degree (§ 265.02 [1]).  We reject defendant's contention
that Supreme Court erred in refusing to grant his request to instruct
the jury that his mere presence in the area where the gun was
possessed by another person or his mere knowledge that another person
possessed the gun were insufficient to establish his guilt.  The
court's definition of the term "possess" was taken from the Criminal
Jury Instructions, and that definition adequately conveyed the
inference that defendant could not be convicted based on his mere
presence in the area where another person possessed the gun or his
mere knowledge that another person possessed the gun (*see People v
Johnson*, 190 AD2d 753, 754, *lv denied* 81 NY2d 972; *People v Wooley*,
187 AD2d 623, 623, *lv denied* 81 NY2d 849; *see also People v Henderson*,
307 AD2d 746, 746-747, *lv denied* 100 NY2d 595).  We presume that the
jurors had " 'sufficient intelligence' " to make that inference, and
defendant was "not 'entitled to select the phraseology' that makes
[that] inference[] all the more explicit" (*People v Samuels*, 99 NY2d
20, 25-26).  We reject defendant's further contention that the court
erred in refusing to grant his renewed request for such a jury
instruction, following its receipt of a note from the jury regarding
the definition of the term "possession."  The court meaningfully

responded to the jury's request by rereading its original instruction with respect to the definition of that term (*see People v Shanks*, 207 AD2d 710, 710, *lv denied* 84 NY2d 1015), and the jury "gave no indication after the original charge was repeated that [its] concern had not been satisfied" (*People v Malloy*, 55 NY2d 296, 303, *cert denied* 459 US 847; *see People v Davis*, 118 AD2d 206, 212, *lv denied* 68 NY2d 768).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court