■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENOS RAGGUETE, Appellant. [991 NYS2d 131]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered February 18, 2010, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of attempted assault in the first degree.

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). However, upon reviewing this contention

in the interest of justice (*see* CPL 470.10 [2]; *People v Wingate*, 70 AD3d 734 [2010]; *People v Gilford*, 65 AD3d 840, 841 [2009], *affd* 16 NY3d 864 [2011]), we find that the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), was legally insufficient to establish the defendant's guilt of assault in the first degree because the complainant did not suffer a "serious physical injury" as a result of the attack by the defendant (Penal Law §§ 120.10 [1]; 10.00 [10]; *see People v Ham*, 67 AD3d 1038, 1039-1040 [2009]; *People v Gilford*, 65 AD3d at 841; *People v Clark*, 42 AD3d 957, 958 [2007]; *People v Gray*, 30 AD3d 771, 772-773 [2006]). The prosecution failed to demonstrate beyond a reasonable doubt either that the complainant suffered serious and protracted disfigurement (*see People v Stewart*, 18 NY3d 831 [2011]; *People v McKinnon*, 15 NY3d 311 [2010]), or that a pulmonary embolism which she experienced subsequent to the incident was caused by the defendant's actions. Nevertheless, the evidence presented at trial established beyond a reasonable doubt that the defendant, who threatened to kill the complainant and who stabbed and slashed her repeatedly with a knife until she lost consciousness, acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crime (*People v Kassebaum*, 95 NY2d 611, 618 [2001]; *see People v Mazariego*, 117 AD3d 1082 [2014]). Accordingly, we modify the judgment by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and we remit the matter to the Supreme Court for sentencing on the conviction of attempted assault in the first degree (*see People v Madera*, 103 AD3d 1197, 1198-1199 [2013]; *People v Brown*, 100 AD3d 1035, 1036 [2012]; *People v Serrano*, 74 AD3d 1104, 1106 [2010]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.