■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NNONSO EKWEGBALU, Appellant. [15 NYS3d 847]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 13, 2013, convicting

him of manslaughter in the first degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of attempted assault in the first degree.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of manslaughter in the first degree and criminal possession of a weapon in the second degree, under an acting-in-concert theory (*see Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Allah*, 71 NY2d 830, 832 [1988]; *Matter of Tatiana N.*, 73 AD3d 186, 190-191 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict finding the defendant guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the fact that he was acquitted of criminal possession of a weapon in the second degree under count 11 of the indictment did not undermine the sufficiency or weight of the evidence supporting the jury's convictions of criminal possession of a weapon in the second degree under count 10 of the indictment or manslaughter in the first degree (*see People v Mazyck*, 118 AD3d 728 [2014]; *see also People v Abraham*, 22 NY3d 140, 146-147 [2013]; *People v Rayam*, 94 NY2d 557, 562-563 [2000]; *People v Alcindor*, 118 AD3d 621 [2014]).

The defendant's contention that the evidence was legally insufficient to establish that the victim sustained a "serious physical injury," as required for the conviction of assault in the first degree (Penal Law §§ 10.00 [10]; 120.10 [1]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). However, upon reviewing this conten-

tion in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Ragguete*, 120 AD3d 717 [2014]; *People v Mazariego*, 117 AD3d 1082 [2014]), we find that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), was not legally sufficient to establish the defendant's guilt of assault in the first degree. The People failed to demonstrate beyond a reasonable doubt that the victim's gunshot wound created "a substantial risk of death," or caused "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see People v Nimmons*, 95 AD3d 1360, 1360-1361 [2012]; *People v Tucker*, 91 AD3d 1030, 1031-1032 [2012]; *People v Horton*, 9 AD3d 503, 504-505 [2004]). Nevertheless, the evidence presented at trial established beyond a reasonable doubt that the defendant acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crime (*People v Kassebaum*, 95 NY2d 611, 618 [2001] [internal quotation marks omitted]; *see* Penal Law §§ 110.00, 120.10 [1]; *People v Ragguete*, 120 AD3d at 717; *People v Gray*, 30 AD3d 771, 773 [2006]). Accordingly, we modify the judgment by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and we remit the matter to the Supreme Court, Queens County, for sentencing on the conviction of attempted assault in the first degree (*see People v Ragguete*, 120 AD3d 717 [2014]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion, made during the trial, to reopen the suppression hearing. The defendant failed to demonstrate that he discovered additional facts, not discoverable with reasonable diligence before the determination of the motion, that would have affected the court's ultimate determination of his suppression motion (*see* CPL 710.40 [4]; *People v Jackson*, 97 AD3d 693, 694 [2012]; *People v Cepeda*, 48 AD3d 294, 295 [2008]; *People v Musgrove*, 261 AD2d 640, 641 [1999]; *People v Accardi*, 222 AD2d 596, 597 [1995]).

The defendant also contends that the Supreme Court violated CPL 310.30 and committed reversible error in its handling of the jury's requests for readbacks of testimony and certain jury notes concerning the court's instruction as to murder in the second degree. These contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Ramirez*, 15 NY3d 824, 825-826 [2010]; *People v Proctor*, 104 AD3d 1290, 1291 [2013]) and, in any event, are

without merit (*see People v Malloy*, 55 NY2d 296, 302 [1982]; *People v Rivera*, 41 AD3d 347 [2007]; *People v Gauze*, 3 AD3d 538, 538 [2004]; *People v Chavez*, 280 AD2d 350, 350 [2001]; *People v Hollis*, 216 AD2d 17 [1995]). Moreover, the court's instruction on accessorial liability was appropriate, and the Supreme Court meaningfully responded to a jury note with respect thereto by rereading its original instruction (*see People v Slacks*, 90 NY2d 850, 851 [1997]; *People v Malloy*, 55 NY2d at 302-303; *People v Crosby*, 33 AD3d 719, 720 [2006]; *People v Crayton*, 278 AD2d 64 [2000]).

In light of our modification of the judgment, the defendant's contention that the aggregate sentence imposed was excessive has been rendered academic.

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Roman and Barros, JJ., concur.