■ The People of the State of New York, Respondent, v Gregory Calas, Appellant. [22 NYS3d 217]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered February 13, 2013, convicting him of manslaughter in the first degree, attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of attempted assault in the first degree.

The defendant's contention that the evidence was legally insufficient to establish his identity as one of the perpetrators is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Further, contrary to the defendant's contention, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish his guilt of attempted murder in the second degree under count 3 of the indictment and criminal possession of a weapon in the second degree under count 11 of the indictment, based upon an acting-in-concert theory, beyond a reasonable doubt (*see People v Scott*, 25 NY3d 1107 [2015]; *Matter of Juan J.*, 81 NY2d 739 [1992]; *People v Allah*, 71 NY2d 830, 832 [1988]; *Matter of Tatiana N.*, 73 AD3d 186, 190-191 [2010]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jury's verdict as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant also failed to preserve for appellate review his

contention that the evidence was legally insufficient to prove the "serious physical injury" element of assault in the first degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 492). However, upon reviewing this contention in the interest of justice (*see* CPL 470.15 [3] [c]; *People v Ragguete*, 120 AD3d 717 [2014]; *People v Mazariego*, 117 AD3d 1082 [2014]), we find that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), was not legally sufficient to establish the defendant's guilt of assault in the first degree. The People failed to demonstrate beyond a reasonable doubt that the victim's gunshot wound created "a substantial risk of death," or caused "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see People v Nimmons*, 95 AD3d 1360, 1360-1361 [2012]; *People v Tucker*, 91 AD3d 1030, 1031-1032 [2012]; *People v Horton*, 9 AD3d 503, 504-505 [2004]). Nevertheless, the evidence presented at trial established beyond a reasonable doubt that the defendant acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crime (*People v Kassebaum*, 95 NY2d 611, 618 [2001] [internal quotation marks omitted]; *see* Penal Law §§ 110.00, 120.10 [1]; *People v Ekwegbalu*, 131 AD3d 982 [2015]; *People v Ragguete*, 120 AD3d at 717; *People v Gray*, 30 AD3d 771, 773 [2006]). Accordingly, we modify the judgment by reducing the defendant's conviction of assault in the first degree to attempted assault in the first degree, and we remit the matter to the Supreme Court, Queens County, for sentencing on the conviction of attempted assault in the first degree (*see People v Ragguete*, 120 AD3d at 718; *People v Tucker*, 91 AD3d at 1032; *People v Serrano*, 74 AD3d 1104, 1106 [2010]).

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. "It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Cuesta*, 103 AD3d 913, 914 [2013]; *see People v Childress*, 81 NY2d 263, 268 [1993]; *People v Valdez-Cruz*, 99 AD3d 738, 738 [2012]). On this record, the defendant failed to make a prima facie showing of discrimination based on the number of peremptory challenges exercised by the prosecution against black venirepersons, and the defendant's vague and conclusory assertions that the challenged jurors were not unqualified to serve on the jury and "similarly situated to members . . . on the jury" (*see People v Jones*, 11

NY3d 822, 823 [2008]; *People v Brown*, 97 NY2d 500, 507-508 [2002]; *People v Childress*, 81 NY2d at 267-268; *People v Christiani*, 96 AD3d 870, 872 [2012]; *People v Rodriguez*, 272 AD2d 482, 482 [2000]; *People v Willingham*, 253 AD2d 533 [1998]).

The Supreme Court responded meaningfully to the jury's request for a readback of the testimony of one of the People's witnesses. It was within the Supreme Court's discretion to give the jurors the option to communicate, through the foreperson, that they had heard the testimony that they wanted to hear, and the court did not express an unwillingness to abide by the jury's readback request (*see People v Ekwegbalu*, 131 AD3d 982 [2015]; *People v Gauze*, 3 AD3d 538, 538 [2004]; *People v Chavez*, 280 AD2d 350, 350 [2001]; *People v Gadson*, 161 AD2d 795, 796 [1990]).

The defendant's contention with respect to his conviction of assault in the second degree is unpreserved for appellate review and, in any event, without merit in light of our determination. The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.