■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVY G. LASSITER, JR., Appellant. [57 NYS3d 194]—Appeals by the defendant from two judgments of the County Court, Dutchess County (Greller, J.), both rendered December 15, 2015, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), under Indictment No. 126/14, and criminal possession of a controlled substance in the third degree (four counts), under Indictment No. 41/14, upon a jury verdict. The court imposed determinate terms of imprisonment of 10 years for the convictions under counts one and two of Indictment No. 126/14 (criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree), to run concurrently with each other and consecutively to determinate concurrent terms of imprisonment of 10 years for the convictions under counts three and four of Indictment No. 126/14 (criminal sale of a controlled substance in the third degree and criminal possession of controlled substance in the third degree). The court imposed determinate terms of imprisonment of 10 years for the convictions under counts one through four of Indictment No. 41/14 (criminal possession of a controlled substance in the third degree), to run concurrently with each other and consecutively to the terms imposed under Indictment No. 126/14. The court also imposed fines totaling $8,000 under Indictment No. 126/14, and $4,000 under Indictment No.

41/14. The appeals bring up for review the denial of the defendant's omnibus motion to suppress physical evidence.

Ordered that the judgment under Indictment No. 41/14 is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed for the convictions under counts one through four that indictment shall run concurrently with the sentences imposed for the convictions under counts one through four of Indictment No. 126/14; as so modified, the judgment under Indictment No. 41/14 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 126/14 is affirmed.

Contrary to the defendant's contention, the County Court did not err in denying so much of his omnibus motion as sought a hearing to controvert the search warrant, as he failed to make "the requisite preliminary showing that the affidavit in support of the warrant contained false statements" (*People v Moshier*, 110 AD3d 832, 833 [2013]; *see People v McGeachy*, 74 AD3d 989, 990 [2010]; *People v Tordella*, 37 AD3d 500 [2007]). The defendant failed to preserve for appellate review his contention that the court should have conducted a hearing to controvert the search warrant based on certain trial evidence (*see* CPL 470.05 [2]; *People v Davis*, 103 AD3d 810, 812 [2013]; *People v Accardi*, 222 AD2d 596, 597-598 [1995]). In any event, the defendant did not show that any additional "pertinent facts" mandated a hearing (CPL 710.40 [4]; *see People v Giler*, 148 AD3d 1053 [2017]; *People v Ekwegbalu*, 131 AD3d 982, 984 [2015]; *People v Jackson*, 97 AD3d 693, 694 [2012]).

The defendant also failed to preserve for appellate review his contention that two cell phones seized during his arrest should have been suppressed, as he did not raise, prior to or during trial, the specific contention that he now raises (*see People v McDonald*, 82 AD3d 1125, 1125-1126 [2011]; *People v Saunders*, 306 AD2d 502, 502-503 [2003]). In any event, any error in this regard was harmless: apart from the challenged evidence, there was overwhelming evidence of guilt and no reasonable possibility that any such error contributed to the conviction (*see People v Lewis*, 23 NY3d 179, 189 [2014]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Olsen*, 148 AD3d 829 [2017]).

The defendant did not object to the prosecutor's summation remark that he now challenges as improper. Accordingly, his contention in this regard is unpreserved for appellate review (*see People v Morris*, 2 AD3d 652 [2003]; *People v McHarris*, 297 AD2d 824 [2002]). In any event, that isolated remark was responsive to the defense summation and did not, by itself,

deprive the defendant of a fair trial (*see People v Adamo*, 309 AD2d 808, 810 [2003]; *see also People v Clark*, 222 AD2d 446, 447 [1995]).

The record, viewed in totality, showed that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed under Indictment No. 41/14 was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). The sentence imposed under Indictment No. 126/14 was not excessive (*see id.*). Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.