The People of the State of New York,
against
Marcus Sweat, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered February 10, 2015, convicting him, after a nonjury trial, of criminal trespass in the third degree and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered February 10, 2015, affirmed.
The court properly denied defendant's suppression motion. Testimony credited by the court established that a police officer, who was patrolling the 135th Street and Lenox Avenue subway station, observed a white light flash on a turnstile after defendant swiped a MetroCard, indicating that defendant had used a non-transferable card that only a student would be authorized to use. Since the defendant appeared too old to be a qualifying student based on his facial hair and the absence of a backpack, the officer had, at least, a founded suspicion of criminality justifying a common-law inquiry. Thus, the officer's conduct in asking defendant to show identification and the MetroCard he had just used did not exceed the bounds of such an inquiry (see People v Perry, 102 AD3d 472, 472-473 [2013], lv denied 20 NY3d 1102 [2013]; see also 21 NYCRR 1050.6[d][3]; United States v Gregg, 463 F.3d 160, 166 [2d Cir. 2006]). When defendant produced identification that differed from the name on the MetroCard, the officer had probable cause to arrest him and conduct a search incident to arrest (see People v Perry,102 AD3d at 473). The hearing court did not improvidently exercise its discretion in denying defendant's motion to reopen the suppression hearing. Defendant failed to establish that he could not, with reasonable diligence, have produced a witness and a photograph of the subway station taken on the date of the incident before the determination of the suppression motion (see CPL 710.40[4]; People v Ekwegbalu, 131 AD3d 982, 984 [2015], lv denied 26 NY3d 1108 [2016]). 
Defendant's conviction of criminal trespass in the third degree (see Penal Law § 140.10[a]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The credited police testimony established that defendant entered a New York City subway platform without paying the required fare by unlawfully using a nontransferable student MetroCard that belonged to someone else (see [*2]People v Williams, 2001 NY Slip Op 40486[U] [App Term, 1st Dept 2001], lv denied 97 NY2d 689 [2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 14, 2017