People v Ragguete (2019 NY Slip Op 03818)





People v Ragguete


2019 NY Slip Op 03818


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07926
 (Ind. No. 4252/04)

[*1]The People of the State of New York, respondent,
v
Enos Ragguete, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated June 12, 2017, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered February 18, 2010, as modified by decision and order of this Court dated August 20, 2014 (People v Ragguete, 120 AD3d 717), convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
A jury convicted the defendant of assault in the first degree. On the defendant's direct appeal from the judgment of conviction, this Court determined that the People had failed to present legally sufficient evidence establishing that the complainant had suffered a "serious physical injury" within the meaning of the Penal Law (Penal Law §§ 120.10[1]; 10.00[10]), and reduced the defendant's conviction to attempted assault in the first degree (see People v Ragguete, 120 AD3d 717). On his direct appeal, the defendant also argued, inter alia, that he was deprived of the effective assistance of counsel. Since this contention was based, in part, on matter outside the record on appeal, this Court stated that a CPL 440.10 proceeding would be the appropriate forum for reviewing the claim in its entirety (see People v Ragguete, 120 AD3d at 718). The defendant then moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground of ineffective assistance of trial counsel. The Supreme Court denied the motion, and the defendant appeals, contending that the court should have granted the motion and reversed the judgment of conviction.
The defendant failed to demonstrate that he was deprived of the effective assistance of counsel (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPL 440.10 (see CPL 440.30[4]; People v Ozuna, 7 NY3d 913, 915; People v Satterfield, 66 NY2d 796, 799; People v Burgos, 165 AD3d 834).
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court